Filed 11/6/15  Chao v. A. Salem, D.D.S., Inc. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JINNIE CHAO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A. SALEM, D.D.S., INC.,<br><br>    Defendant and Appellant. | H041261<br>(Santa Clara County<br>Super. Ct. No. 1-12-CV217465) |

A. Salem, D.D.S., Inc. (Salem or the corporation) appeals from a default judgment, seeking review of three superior court decisions:  an order striking its answer to the complaint filed by respondent Jinnie Chao, an order denying its motion to set aside the resulting default, and a post-judgment order directing a third party to turn over funds in which Salem had an interest.  Salem contends that the superior court should have given its principal, defendant Ardeshir Salem, more time to secure legal counsel for the corporation after the law firm representing both defendants withdrew from representing them.  Salem further contends that the court abused its discretion by striking its answer without giving it additional time to secure replacement counsel.  Finally, Salem complains that the court violated Code of Civil Procedure section 708.120[1] by directing the third party to turn over the funds he held for Salem, in order to enforce Chao's default

---

[1] All further statutory references are to the Code of Civil Procedure.

judgment against the corporation. We find no error in the rulings that are properly before us and will therefore affirm the judgment.

*Background*

Respondent Chao initiated this action in January 2012, naming both Ardeshir Salem and the corporation as defendants. In her first amended complaint, filed in July 2012, she alleged that she had been both a dental patient and an employee of defendants. Ardeshir Salem had "abused [her] trust and confidence" by overcharging her for unnecessary dental treatment and by inducing her to loan him money through verbal abuse and "exploit[ing] [her] sense of charity."[2] Defendants answered the complaint and filed a cross-complaint against Chao, her son, and various companies alleged to be associated with Chao. Defendants eventually amended their pleading twice, eventually filing their second amended cross-complaint on December 28, 2012.

In July 2013 defendants' attorneys, members of the Hopkins & Carley law firm, asked the court to relieve them as counsel. According to Chao, the motion was granted September 24, 2013, but the order was filed October 1, 2013. On September 30, 2013, Chao and the other cross-defendants moved to strike Salem's answer and to strike or dismiss its cross-complaint on the ground that a corporation may not represent itself. No written opposition was submitted. At the October 29, 2013 hearing, however, counsel for the corporation in a separate matter specially appeared "to see if [he could] at least seek a [*sic*] additional amount of time for [Salem] to get new counsel." The attorney also contested the motion to strike, arguing that the cross-defendants had exceeded the permissible time for the motion under section 435,[3] that service of the motion was

---

[2] A filed copy of this pleading is not in the appellate record. The copy that is in the record is incomplete, containing only the first four pages.

[3] Section 435, subdivision (a), permits a party to move to strike a pleading, including a cross-complaint, "within the time allowed to respond to a pleading."

2

"technically" ineffective because the motion to withdraw had not yet been granted by final written order, and that the statutory grounds for striking or dismissing the pleadings under sections 436 and 581 did not exist.[4]

Chao's attorney responded that Ardeshir Salem had exhibited a pattern of ignoring tasks and then asking the court to "help him out" at the last minute. On this occasion, Chao's attorney pointed out, it had been exactly 16 weeks since Hopkins & Carley had filed the motion to withdraw as counsel; Ardeshir Salem had thus shown no diligence despite ample time to find a new attorney for the corporation.

The court granted Chao's motion. In its December 12, 2013 order it declared that Salem's answer was "stricken and defendant is defaulted." The court also dismissed the cross-complaint without prejudice as to most of the cross-defendants, including Chao.

On January 24, 2014, Salem, now represented by counsel, moved to set aside the default under section 473, subdivision (b),[5] on the ground of "surprise, inadvertence, and/or excusable neglect." Salem listed five different attorneys defendants had attempted to engage between August 1 and October 23, 2013. The last three attorneys, all contacted in October 2013, apparently were available, but in each case the retainer fee was

---

[4] Section 436 permits the court, "upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper," to "(a) Strike out any irrelevant, false, or improper matter inserted in any pleading. [¶] (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." Section 581 sets forth the circumstances and conditions under which an action or complaint may be dismissed.

[5] This provision states, in pertinent part, "(b) The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

"prohibitively high." The superior court, however, evidently agreed with Chao that Salem's inability to secure counsel did not constitute "mistake, inadvertence, surprise, or excusable neglect" within the meaning of section 473, subdivision (b). Accordingly, on March 10, 2014, the court denied Salem's motion.

On May 16, 2014, after a prove-up hearing, the court entered a default judgment against the corporation for $1.4 million plus costs, for a total award to Chao of $1,403,242.09. Salem filed its notice of appeal from this judgment on July 18, 2014.[6]

On December 3, 2014, the superior court granted Chao's application for a turnover order, which required Ronald P. Goldman, who held money in a trust account for Salem's benefit, to convey that money to Chao's attorney in partial satisfaction of Chao's default judgment.

*Discussion*

Salem raises three issues for resolution on appeal: (1) whether the superior court abused its discretion in denying Salem's motion to set aside the default; (2) whether the court abused its discretion by striking Salem's answer without giving it an "opportunity to cure the problem with the pleadings" by allowing it more time to find new counsel; and (3) whether, contrary to section 708.180, the court improperly ordered the funds held by Goldman to be released to Chao's attorney in partial satisfaction of Chao's default judgment.

It is immediately apparent that we lack jurisdiction to address Salem's third argument, because it did not appeal from the turnover order. This was a post-judgment order made appealable by section 904.1, subdivision (a)(2), not an interlocutory order

---

[6] On May 22, 2014, Chao's counsel executed a declaration stating that he had served the "Notice of Entry of Judgment" on that date. The Notice itself, however, was not filed until June 5, 2014. We presume that counsel misspoke, particularly since his declaration also was not filed until June 5, 2014.

4

requiring a party to immediately pay money, as Salem suggests in its reply brief.[7] Filing a timely notice of appeal is a jurisdictional prerequisite to appellate review. Without that timely notice, a reviewing court has no jurisdiction. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) Salem's challenge to the turnover order will therefore not be considered in this appeal.

*1. Motion to Set Aside Default*

Section 473, subdivision (b), permits the court to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." Relief must be sought "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (*Ibid.*)

Salem contends that the superior court abused its discretion by declining to apply section 473 to set aside its default, because it had established that its efforts to secure counsel constituted excusable neglect, and after obtaining counsel, it sought relief "promptly."[8] In Salem's view, the court unreasonably denied the motion because Ardeshir Salem had been "proactive" in trying to find counsel to replace Hopkins & Carley. His efforts were, in Salem's view, "the acts of a diligent and prudent person" faced with the difficulty of finding an attorney after two years of litigation. Thus, "Salem's actions fall within the category of excusable neglect and the trial court abused its discretion by not granting the motion to set aside the default."

Salem acknowledges that a motion for relief from default "lies within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an

---

[7] Salem's attorney acknowledged at the hearing on the turnover application that if granted, the turnover order would be an appealable order.

[8] On appeal, Salem does not rely specifically on any of the alternative statutory grounds of mistake, inadvertence, and surprise to justify its request for relief.

5

abuse of discretion." (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233 (*Elston*); see also *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 [ruling on motion for discretionary relief under section 473 may not be disturbed on appeal absent a clear showing of abuse].) On the other hand, "[s]ection 473 is often applied liberally where the party in default moves promptly to seek relief, and [where] the party opposing the motion will not suffer prejudice if relief is granted. [Citations.] In such situations 'very slight evidence will be required to justify a court in setting aside the default.' [Citations.] [¶] Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default." (*Elston, supra,* at p. 233; accord, *Maynard v. Brandon* (2005) 36 Cal.4th 364, 372.)

Salem's initial burden, however, was to show by a preponderance of the evidence that default was taken against it through its inadvertence, surprise or excusable neglect. (*Etchepare v. Ehmke* (1955) 137 Cal.App.2d 508, 511.) If it had met that burden, the court would have had discretion to grant relief under section 473. "But if a party fails to show that a judgment has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion." (*Iott v. Franklin* (1988) 206 Cal.App.3d 521, 528 (*Iott*); accord, *Parage v. Couedel* (1997) 60 Cal.App.4th 1037, 1042.) "In other words, the court's 'discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief, and that the party has raised that ground in a procedurally proper manner, within any applicable time limits.' [Citation.]" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419; but see *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206-1207 (*Hearn*) [finding proper exercise of discretion in lower court's reasonable conclusion that default judgment did not result from mistake, inadvertence, surprise or excusable neglect]; *Cole v. City of Los Angeles* (1986) 187 Cal.App.3d 1369, 1377 [same].)

6

Whether the court's finding of no excusable neglect is viewed as an exercise of discretion in itself or as a finding preceding its exercise of discretion, we cannot find error in its determination that Salem failed to show excusable neglect. " 'To warrant relief under section 473 a litigant's neglect must have been such as might have been the act of a reasonably prudent person under the same circumstances. . . . It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. . . . Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs. . . . The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded.' [Citation.]" (*Hearn*, *supra*, 177 Cal.App.4th at p. 1206.)

Here the court rejected as insufficient to show excusable neglect Ardeshir Salem's declaration, in which he stated that he had made five attempts to secure representation for the corporation between Hopkins & Carley's July 9, 2013 motion to withdraw and the October 29, 2013 hearing on Chao's motion to strike.[9] The court had before it the transcript of that hearing, at which the prior judge[10] noted the lengthy history of the case and expressed the opinion that 16 weeks was "more than sufficient time" to find replacement counsel. The court was also aware that Salem had not obtained an attorney

---

[9] Chao's attorney submitted a declaration stating that he was notified on June 11, 2013 that Hopkins & Carley intended to file its motion to withdraw as Salem's counsel. Chao urged the superior court to infer that Salem also knew as early as this date that it would soon be left without an attorney.

[10] The various rulings in this case were made by different judges. The Honorable Peter H. Kirwan entered the order striking Salem's answer and dismissing the cross-complaint without prejudice. Salem's subsequent motion to vacate that order was denied by the Honorable James L. Stoelker. The Honorable Socrates P. Manoukian entered the default judgment, and the Honorable Patricia M. Lucas issued the turnover order.

to replace Hopkins & Carley until December 16, 2013, more than five months after knowing that the firm was going to withdraw as counsel. Its determination that Salem had not met its burden to show excusable neglect by failing to secure legal representation supported its denial of Salem's motion for relief from default.

" 'Trial judges are presumed to be intelligent, honest, and fair-minded individuals. They have a grave responsibility in cases of this character. The statute has reposed in them an exceptionally broad power. The power to grant relief from default. The statute has fixed the limit of that power. Within that limit it must be exercised wisely, reasonably and fairly, with the view of advancing the administration of justice. All this a trial judge is presumed to have done when he exercises his discretion in ruling on an application for relief from default under section 473 of the Code of Civil Procedure. The ruling comes before an appellate court fortified with this presumption. The duty of the appellate court is to give full effect to this presumption. The question to be determined by the appellate court is not what it would have done had it been sitting in the place of the trial judge, but whether from the record it can be said that the trial judge failed to act wisely, reasonably and fairly in view of what was presented to him in support of the application. If such failure does not clearly and unmistakably appear, it cannot be said that the trial judge abused his discretion, and his decision should be affirmed.' " (*Iott*, *supra*, 206 Cal.App.3d at p. 527, quoting *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 533-534, [dis. opn. of Carter, J.].) No error in denying the motion for relief is apparent on this record.

2. *Leave to Amend Answer*

Salem next contends that the default judgment should be set aside because the superior court had struck its answer without giving it a reasonable opportunity to "cure the problem" by obtaining new counsel. Although Salem phrases its argument in terms of leave to amend its answer, the essence of Salem's argument on appeal is directed at the court's refusal to allow it more time to find an attorney. In other words, Salem explains

in its reply brief, leave to amend would have given Salem at least 10 extra days to "cure the defect."

Salem acknowledges that a corporation may not appear in court without being represented by a licensed attorney. (*Merco Constr. Engineers*, *Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 730; *Caressa Camille*, *Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1101-1102; *Paradise v. Nowlin* (1948) 86 Cal.App.2d 897, 898-899.) Salem suggests, however, that the superior court should not have "applied this rule rigidly," because "California is moving in the direction of a more flexible application of this rule." It cites *CLD Construction*, *Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141 (*CLD*), where the appellate court reversed an order striking a corporation's complaint under section 436. The corporation had filed the complaint in propria persona, but it had obtained counsel by the time the defendant city moved to strike the complaint. The Court of Appeal, First Appellate District, Division Five, held that it was "more appropriate and just to treat a corporation's failure to be represented by an attorney as a defect that may be corrected, on such terms as are just in the sound discretion of the court." (*CLD*, *supra*, at p. 1149.) Because the parties were at the threshold of the lawsuit, no prejudice to the city could have occurred. Most notably, because CLD had retained counsel before the city appeared, its initial self-representation was "minimal, and essentially inconsequential. For all practical purposes CLD was represented by counsel before the City became a player in the action, so neither the City nor the trial court was ever in the position of having to deal with a nonattorney corporate representative." (*Id.* at p. 1150.) Indeed, the record indicated to the appellate court that the substitution might have taken place even before the city was served. Thus, the court held, just as courts arrange for counsel when minors have attempted to represent themselves in court, a corporation "should not be foreclosed from going forward with its legal right to sue because of a defective complaint that can be readily and easily cured without prejudice to either its opponent or the court." (*Id.* at p. 1152.)

9

*CLD Construction* does not help Salem. The defect before the superior court in this case was not so easily corrected by amendment because, unlike CLD, Salem had no attorney when the motion to strike was brought and when it was heard by the court. At the hearing on the motion to strike Salem never asked the court for an opportunity to amend the answer; the attorney specially appearing for Salem at the hearing asked only for more time to find counsel. Nor was amendment strictly necessary, since the answer had been properly filed while Salem was represented by Hopkins & Carley. Salem's only objective was to be afforded more time to obtain substitute counsel so that it could proceed with its defense and its cross-complaint. This was a decision to be made by the court in its sound discretion. As discussed above, no abuse of that discretion occurred when the court struck Salem's answer without first giving the corporation more time to find legal representation by an attorney.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.



_____

MÁRQUEZ, J.




*Chao v. A. Salem, D.D.S., Inc.*
H041261