[No. D039227. Fourth Dist., Div. One. June 28, 2002.]

CARESSA CAMILLE, INC., Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Respondent;
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Real
Parties in Interest.

**COUNSEL**

Solomon, Saltsman & Jamieson and Ralph Barat Saltsman for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, Dennis W. Dawson and T. Michelle Laird, Deputy Attorneys General, for Real Parties in Interest.

**OPINION**

**NARES, J.**—Petitioner Caressa Camille, Inc. (Caressa), petitioned for judicial review of an order of the Alcoholic Beverage Control Appeals Board (the board) affirming a decision of the Department of Alcoholic Beverage Control (the department) revoking Caressa's liquor license for a bar it owns known as Joey's. The department revoked the license following an administrative hearing at which Caressa, a corporation, was represented by its president, who stipulated to facts establishing that (1) one of Caressa's employees sold beer to two "decoys" under the age of 21 years, and (2) the department had disciplined Caressa on two previous occasions for furnishing alcohol to minor "decoys."

Caressa seeks annulment of the order and decision on two grounds: (1) the department lacked jurisdiction to proceed against Caressa's license because Caressa was not represented by counsel during the hearing, and (2) the department abused its discretion by revoking the license.

As a matter of first impression in the State of California, we hold that the general common law rule in this state requiring corporations to be represented by counsel in proceedings before courts of record other than small claims courts does not extend to proceedings before administrative agencies and tribunals. We conclude the board's decision to affirm the department's revocation of Caressa's liquor license is not void for lack of jurisdiction, it is supported by substantial evidence, and it does not constitute an abuse of the department's legal discretion. Accordingly, we affirm the order and decision.

FACTUAL AND PROCEDURAL BACKGROUND

Caressa is the owner and operator of Joey's, a bar located in Chula Vista. The department issued an on-sale general public premises liquor license to Caressa in January 1995, authorizing the sale and on-site consumption of alcoholic beverages. Prior to the incident from which the instant writ proceeding arose, Caressa had been disciplined by the department on two previous occasions for permitting minors to enter and remain on the premises and for furnishing alcoholic beverages to underage decoys. The first offense occurred in September 1997 and resulted in a 15-day suspension of Caressa's liquor license. The second offense occurred two months later in November 1997 and resulted in a 25-day suspension of the liquor license.

On January 14, 2000, Chuan Imbimbo, while working as a Caressa employee, sold beer on Caressa's premises to 19-year-old Joshua Ortiz and 19-year-old Melinda Blakley-Bowen, who were acting as minor decoys for the Chula Vista Police Department.

*Accusation*

In March 2000, the department filed an administrative accusation charging Caressa with two counts of violating Business and Professions Code[1] section 25658, subdivision (a) (hereafter section 25658(a)),[2] seeking to revoke Caressa's liquor license. Evelyn Jones, Caressa's president, requested an

---

[1]All further statutory references are to the Business and Professions Code unless otherwise specified.

[2]Section 25658(a) provides in part that "every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor."

administrative hearing. The department scheduled the hearing and notified Caressa that it had the right to retain counsel or represent itself: "You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. *You are entitled to represent yourself without legal counsel. . . .*" (Italics added.)

*Administrative Hearing*

The hearing was held in May 2000 before Administrative Law Judge Rodolfo Echeverria (the ALJ). Jones appeared at the hearing on behalf of Caressa.

Jones and the department stipulated to the facts alleged in counts 1 and 2 of the accusation. Jones informed the ALJ that she wanted to present evidence regarding mitigation of the revocation penalty recommended by the department.

*The Department's Decision*

In June 2002, the ALJ issued his proposed decision, finding that the facts alleged in the accusation were true. He found that the evidence established that the two subject January 2000 violations of section 25658(a) justified revocation of the liquor license under section 25658.1, subdivision (b) (hereafter section 25658.1(b)),[3] because they constituted the third such incident within a 36-month period.[4] The following month, the department adopted the ALJ's proposed decision as its decision in the case.

*The Board's Order Affirming the Department's Decision*

Caressa, represented by counsel, appealed the department's decision to the board. Although Caressa, through Jones, had stipulated to the truth of the allegation in the accusation that Imbimbo was its "agent, employee or servant," Caressa sought to reverse the department's decision on the ground the department had not established that Imbimbo was its employee. Caressa did not challenge the jurisdiction of either the department or the board on the ground that Caressa, a corporation, had appeared through its president at the

---

[3]Section 25658.1(b) provides: "Notwithstanding Section 24200, *the department may revoke a license for a third violation of Section 25658 that occurs within any 36-month period.* This provision shall not be construed to limit the department's authority and discretion to revoke a license prior to a third violation when the circumstances warrant that penalty." (Italics added.)

[4]The record shows that these two new violations in fact constituted a third and fourth such violation within a 28-month period.

initial hearing. Caressa also did not claim that the department had abused its discretion by imposing the penalty of revocation.

On November 14, 2001, the board issued an order affirming the department's decision to revoke Caressa's liquor license.

*Petition for Writ of Review*

On December 13, 2001, Caressa filed its timely petition for writ of review under section 23090 that is the subject of the instant writ proceeding. This court thereafter issued a writ of review ordering the board to certify and return to this court any materials that were before the board in making its decision in the instant matter, but were not contained in the petition.

### STANDARD OF REVIEW

■■■ Article XX, section 22 of the California Constitution vests the department "with broad discretion to revoke or suspend liquor licenses 'for good cause' if continuing the license would be 'contrary to public welfare or morals.' [Citation.] In the absence of a clear abuse of discretion, the courts will uphold the Department's decision to suspend a license for violation of the liquor laws. [Citation.]" (*Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561, 566 [28 Cal.Rptr.2d 638, 869 P.2d 1163].)

"The administration of the Alcoholic Beverage Control Act, within the scope of the purposes of that act, is initially vested in the department. Its decisions, however, are subject to administrative review by the board and a final order of the board is, in turn, subject to judicial review." (*Walsh v. Kirby* (1974) 13 Cal.3d 95, 102 [118 Cal.Rptr. 1, 529 P.2d 33] (*Walsh*).)

Section 23090.2 (added by Stats. 1967, ch. 1525, § 4, p. 3635) provides in part that the scope of judicial review "shall not extend further than to determine, based on the whole record of the department as certified by the board, whether: [¶] (a) The department has *proceeded without or in excess of its jurisdiction.* [¶] (b) The department has *proceeded in the manner required by law.* [¶] (c) The decision of the department is supported by the findings. [¶] (d) The findings in the department's decision are supported by substantial evidence in the light of the whole record. [¶] (e) There is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before the department." (See also *Walsh, supra,* 13 Cal.3d at p. 102.)

■■■ Here, Caressa seeks a determination that the department proceeded without or in excess of its jurisdiction by permitting Evelyn Jones, Caressa's

nonattorney president, to represent Caressa at the administrative hearing on the accusation. Caressa also seeks review of the propriety of the penalty of revocation imposed by the department and upheld by the board.

DISCUSSION

### I. Lay Representation of Corporations in Administrative Hearings

Caressa contends the decision by the department, upheld by the board, to revoke its liquor license must be reversed and annulled because Caressa was represented by its nonattorney president Evelyn Jones, rather than by an attorney at the evidentiary administrative hearing before the ALJ, and the decision is thus void on the ground the department lacked jurisdiction to proceed against Caressa. We reject this contention.

### A. Background

The record shows that after Jones requested an administrative hearing on Caressa's behalf, the department served Caressa with a notice of hearing on accusation, based on sample language set forth in Government Code section 11509,[5] notifying Caressa that it had the right to either retain counsel or represent itself at the hearing without legal counsel: "You may be present at the hearing. You have the right to be represented by an attorney at your expense. You are not entitled to appointment of an attorney to represent you at public expense. *You are entitled to represent yourself without legal counsel. . . .*"

Jones appeared at the adjudicatory hearing and stated "[y]es" in response to the ALJ's question, "[Are you] representing yourself in this matter?" She

---

[5]Government Code section 11509 provides: "The agency shall deliver or mail a notice of hearing to all parties at least 10 days prior to the hearing. The hearing shall not be prior to the expiration of the time within which the respondent is entitled to file a notice of defense. [¶] The notice to respondent shall be substantially in the following form but may include other information: [¶] You are hereby notified that a hearing will be held before [here insert name of agency] at [here insert place of hearing] on the _____ day of _____, 19___, at the hour of _____, upon the charges made in the accusation served upon you. If you object to the place of hearing, you must notify the presiding officer within 10 days after this notice is served on you. Failure to notify the presiding officer within 10 days will deprive you of a change in the place of the hearing. *You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel.* You may present any relevant evidence, and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpoenas to compel the attendance of witnesses and the production of books, documents or other things by applying to [here insert appropriate office of agency]." (Italics added.)

and the department stipulated to the facts alleged in the accusation and informed the ALJ that she wanted to present evidence regarding mitigation of the revocation penalty recommended by the department.

After considering the evidence presented, the ALJ found that the facts alleged in the accusation were true. In his proposed decision, the ALJ recommended the revocation of the liquor license. The department issued a decision adopting the ALJ's proposed decision, and the board upheld that decision.

## B. *Analysis*

The issue presented is whether a corporate licensee appearing as a party in an adjudicatory administrative hearing is entitled to be represented by a nonattorney officer of that corporation. The parties to the instant writ proceeding have cited no California statutory or case authority on point, and we are aware of none.

In jurisdictions outside California, there is a split in case law authority with respect to this issue. (See generally Annot., Propriety and Effect of Corporation's Appearance Pro Se Through Agent Who Is Not An Attorney (1992) 8 A.L.R.5th 653; 19 Am.Jur.2d (1986) Corporations, § 2172, p. 89.) Courts in some jurisdictions have held that corporations are allowed to appear before administrative agencies through agents who are not attorneys. (See *Liberty Mut. Ins. Co. v. Jones* (1939) 344 Mo. 932 [130 S.W.2d 945, 959, 125 A.L.R. 1149] & *Division of Alcoholic Beverage Control v. Bruce Zane, Inc.* (1968) 99 N.J.Super. 196 [239 A.2d 28, 31].) Other out-of-state courts have held that a corporation may only appear by an attorney before an administrative tribunal. (See *Clark v. Austin* (1937) 340 Mo. 467 [101 S.W.2d 977, 982]; *State ex rel. Daniel v. Wells* (1939) 191 S.C. 468 [5 S.E.2d 181, 185-186]; & *Kyle v. Beco Corp.* (1985) 109 Idaho 267 [707 P.2d 378, 382].) We thus proceed to decide this question as a matter of first impression in this state.

█ As a general rule, it is well established in California that a corporation cannot represent itself in a court of record either in propria persona or through an officer or agent who is not an attorney. (*Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 727, 729 [147 Cal.Rptr. 631, 581 P.2d 636] (*Merco*); *Vann v. Shilleh* (1975) 54 Cal.App.3d 192, 199 [126 Cal.Rptr. 401]; *Paradise v. Nowlin* (1948) 86 Cal.App.2d 897, 898 [195 P.2d 867] (*Paradise*); see also *Van Gundy v. Camelot Resorts, Inc.* (1983) 152 Cal.App.3d Supp. 29, 31 [199 Cal.Rptr. 771].)

One of the principal rationales for the general rule is found in the California Supreme Court's explanation in *Merco, supra,* 21 Cal.3d at page

730, that "[t]he qualifications of the human representing a corporation—or for that matter any other person or entity—in court is one of vital judicial concern. Such person is clearly engaged in the practice of law in a representative capacity." The high court further explained that in a court of record "formal rules of procedure and evidence are to be observed by representatives of the parties, and the court is entitled to expect to be aided in resolution of the issues by presentation of the cause through qualified professionals rather than a lay person." (*Id.* at p. 732.)

The Court of Appeal in *Paradise, supra,* 86 Cal.App.2d at page 898, explained another rationale for the general rule: "A natural person may represent himself and present his own case to the court although he is not a licensed attorney. A corporation is not a natural person. It is an artificial entity created by law and as such it can neither practice law nor appear or act in person. Out of court it must act in its affairs through its agents and representatives and in matters in court it can act only through licensed attorneys. A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona. [Citations.]"

As an exception to the foregoing general rule, corporations may be represented in small claims courts by certain persons who are not members of the State Bar. (*Merco, supra,* 21 Cal.3d at p. 730.) Such lay representation is authorized by statute (Code Civ. Proc., § 116.540, subd. (b)),[6] as interpreted and approved by court decision.[7] This exception to the general rule is consistent with the purpose of providing quick, impartial and inexpensive adjudication of disputes in small claims courts under rules of procedure and evidence that are less stringent and complicated than those that apply in more formal courts of record.

Of critical importance to the determination of the issue presented here, the general rule prohibiting corporations from being represented in court by individuals who are not licensed attorneys applies to proceedings in "courts of record." Article VI, section 1 of the California Constitution identifies the tribunals that are "courts of record" vested with judicial power in California. That section of our state Constitution provides: "The judicial power of this State is vested in the Supreme Court, courts of appeal, superior courts, and municipal courts, all of which are *courts of record.*" (Italics added.)

---

[6] Code of Civil Procedure section 116.540, subdivision (b), provides: "A corporation may appear and participate in a small claims action only through a regular employee, or a duly appointed or elected officer or director, who is employed, appointed, or elected for purposes other than solely representing the corporation in small claims court."

[7] See *Prudential Ins. Co. v. Small Claims Court* (1946) 76 Cal.App.2d 379, 384-385 [173 P.2d 38, 167 A.L.R. 820], which discussed Code of Civil Procedure former section 117g, a predecessor statute to current section 116.540, subdivision (b) of that code (see fn. 6, *ante*).

It is true that the California Constitution confers limited judicial power to the department. In *Provigo Corp. v. Alcoholic Beverage Control Appeals Bd., supra,* 7 Cal.4th at page 566, the California Supreme Court explained that article XX, section 22 of the California Constitution vests the department "with broad discretion to revoke or suspend liquor licenses 'for good cause' if continuing the license would be 'contrary to public welfare or morals.' " However, an administrative tribunal is not a "court of record" as defined by article VI, section 1 of the California Constitution (discussed, *ante*).

■ We hold that the general common law rule requiring corporations to be represented by counsel in proceedings before courts of record other than small claims courts does not extend to proceedings before administrative agencies and their tribunals. As already discussed, courts of record are entitled to expect to be aided in resolution of contested issues by presentation of causes through qualified professionals rather than a layperson. (*Merco, supra,* 21 Cal.3d at p. 732.) However, "those problems which are likely to arise when a lay[person] serves as the legal representative for a corporation in a proceeding in a court of record are greatly minimized in the more informal setting of a proceeding in a court which is not of record." (*Eckles v. Atlanta Technology Group, Inc.* (1997) 267 Ga. 801 [485 S.E.2d 22, 25].) This rationale applies to administrative proceedings.

We also conclude that because the license revocation proceeding at issue here was held before an administrative tribunal, the general rule banning a nonattorney from representing a corporation in a court of record has no application here. Even were we persuaded to the contrary (and we are not), a decision rendered by an administrative body following a hearing at which a corporation was not represented by counsel would be voidable at the option of the opposing party, rather than void for lack of jurisdiction. (See *Jardine Estates, Inc. v. Koppel* (1957) 24 N.J. 536 [133 A.2d 1, 3].) In the instant case, we conclude the board's decision to affirm the department's revocation of Caressa's liquor license is not void for lack of jurisdiction and for reasons we now discuss does not constitute an abuse of the department's legal discretion.

## II. *Penalty of Revocation*

Caressa also contends the subject order and decision must be annulled because the department abused its discretion by revoking the liquor license. We reject this contention.

■ As already discussed, article XX, section 22 of the California Constitution vests the department "with broad discretion to revoke or suspend liquor licenses 'for good cause' if continuing the license would be

'contrary to public welfare or morals.' " (*Provigo Corp. v. Alcoholic Beverage Control Appeals Bd., supra,* 7 Cal.4th at p. 566.) "In the absence of a clear abuse of discretion, the courts will uphold the [d]epartment's decision to suspend a license for violation of the liquor laws. [Citation.]" (*Ibid.*) "If reasonable minds might differ as to the propriety of the penalty imposed, this fact serves to fortify the conclusion that the [d]epartment acted within the area of its discretion. [Citation.]" (*Harris v. Alcoholic Bev. etc. Appeals Bd.* (1965) 62 Cal.2d 589, 594 [43 Cal.Rptr. 633, 400 P.2d 745].)

 Section 25658(a) provides in part that "every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor." Section 25658.1(b) provides that the department may revoke a license for a third violation of section 25658(a) that occurs within any 36-month period.[8]

Here, the ALJ's decision, adopted by the department and upheld by the board, found that the evidence established that the two subject January 2000 violations of section 25658(a) justified revocation of the liquor license under section 25658(b) because they constituted the third such incident within a 36-month period. In fact, as the ALJ noted, the two new violations occurred within a period of 28 months from the date of Caressa's first violation of section 25658(a). The record shows that the first offense, which resulted in a 15-day suspension of Caressa's liquor license, occurred in September 1997; and the second offense, which resulted in a 25-day suspension of the liquor license, occurred two months later in November 1997. We note that the January 2000 violations thus actually constitute the third and fourth violations of section 25658(a) within a 28-month period.

On this record, we conclude the department did not abuse its broad legal discretion in this matter. The department provided Caressa adequate notice of the charges alleged against it and its right to appear at the hearing and defend those charges either through retained counsel or through another individual representative. Caressa elected to be represented by its president, Evelyn Jones, who stipulated to the facts alleged in the accusation and presented evidence regarding mitigation of the license revocation penalty recommended by the department. The record thus shows that Caressa was provided with proper notice and a full and fair opportunity to be heard in this matter. Substantial evidence supports the department's decision to revoke Caressa's liquor license. Accordingly, we affirm the order and decision.

---

[8]See footnote 3, *ante.*

## DISPOSITION

The petition is denied.

Kremer, P. J., and O'Rourke, J., concurred.

Petitioner's petition for review by the Supreme Court was denied September 18, 2002. George, C. J., and Baxter, J., did not participate therein.