TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

XAVIER BECERRA
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 14-101 |
| of | : | September 28, 2017 |
| XAVIER BECERRA<br>Attorney General | : | |
| MANUEL M. MEDEIROS<br>Deputy Attorney General | : | |

_____

THE HONORABLE ZACKERY P. MORAZZINI, DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE OFFICE OF ADMINISTRATIVE HEARINGS, has requested an opinion on the following questions:

1. Does the Administrative Procedure Act (Gov. Code, §§ 11340-11529) authorize a party to a proceeding conducted by the Office of Administrative Hearings to be represented by a person who is not an active member of the California State Bar?

2. Does title 20 United States Code section 1415(h)(1), or its implementing regulations, or California Education Code section 56505, subdivision (e)(1), authorize a party to a special education "due process hearing" to be represented by a person who is not an active member of the California State Bar?

1

CONCLUSIONS

1.  The Administrative Procedure Act does not, in itself, authorize a party to a proceeding conducted by the Office of Administrative Hearings to be represented by a person who is not an active member of the California State Bar.

2.  Neither title 20 United States Code section 1415(h)(1), nor its implementing regulations, nor California Education Code section 56505, subdivision (e)(1), authorizes a party to a special education "due process hearing" to be represented by a person who is not an active member of the California State Bar.

ANALYSIS

The Office of Administrative Hearings (OAH) is an entity within the Department of General Services.[1]  It is a "quasi-judicial tribunal that hears administrative disputes."[2] OAH provides administrative law judges to conduct hearings for more than 1,500 state and local government agencies.[3]  Among its adjudicative responsibilities under the Administrative Procedure Act,[4] the OAH provides mediators and administrative law judges from its Special Education Division to conduct proceedings related to special education disputes under contract with the Department of Education.[5]

**Question 1**

The first question is whether the provisions of the Administrative Procedure Act (APA) authorize a party in an administrative proceeding conducted by the OAH to be represented by a person who is not an active member of the California State Bar.  We conclude that the APA does not, in itself, authorize such representation.

---

[1] Gov. Code, § 11370.2.

[2] See http://www.dgs.ca.gov/oah/About.aspx.

[3] *Id.*

[4] The Administrative Procedure Act comprises chapter 3.5 (commencing with section 11340), chapter 4 (commencing with section 11370), chapter 4.5 (commencing with section 11400), and chapter 5 (commencing with section 11500) of Part 1 of Division 3 of Title 2 of the Government Code.

[5] See Ed. Code, §§ 56505 (state "due process" hearing); 56504.5, subd. (a) (contracts for mediation and due process hearings); see also Dept. of General Services, Office of Administrative Hearings, CDE Agreement No. CN140144, http://www.documents.dgs.ca.gov/oah/SE/Scopeofwork%202014-15.pdf.

2

The focus of our analysis is on the "administrative adjudication" provisions of the APA, which are in chapters 4.5 and 5 of the Act.[6]   For purposes of the APA, an "adjudicative proceeding" is "an evidentiary hearing for determination of facts pursuant to which an agency formulates and issues a decision."[7]   Whenever an adjudicative proceeding is required by the federal or state constitution, or by federal or state statute, the proceeding is governed by the APA. Chapter 4.5 of the APA sets out an overarching scheme that applies to all administrative proceedings governed by the APA, including the "Administrative Adjudication Bill of Rights."[8]   Certain proceedings are, by statute, expressly made subject to the "formal" procedures of chapter 5 of the APA.[9]   In general, each agency that affords administrative hearings may determine its own hearing procedures, with reference to both the APA and to statutes applicable to that agency.[10]

Chapter 5 proceedings bear many of the attributes of a civil trial, including discovery,[11] prehearing conferences,[12] motions,[13] settlement conferences,[14] and amicus briefs.[15]   Except when expressly provided otherwise,[16] a formal proceeding under Chapter 5 is conducted by an Administrative Law Judge from the OAH.[17]

---

[6] See Gov. Code, § 11400, subd. (a).

[7] Gov. Code, § 11405.20.

[8] See Gov. Code, §§ 11425.10–11425.60; see also *California Youth Authority v. State Personnel Bd.* (2002) 104 Cal.App.4th 575, 590 [Bill of Rights sets minimum due process and public interest requirements for Chapter 4.5 hearings].

[9] Chapter 5 procedures are also subject to the overarching governance of chapter 4.5. (Gov. Code, § 11410.50.)

[10] Gov. Code, § 11415.10.

[11] See, e.g., Gov. Code, §§ 11507.6, 11507.7, 11511.

[12] Gov. Code, § 11511.5.

[13] See Cal. Code Regs., tit. 1, § 1022.

[14] Gov. Code, § 11511.7.

[15] Cal. Code Regs., tit. 1, § 1046.

[16] E.g., Gov. Code, § 11502; cf. Bus. & Prof. Code, § 24300, subd. (d) (director of Department of Alcoholic Beverage Control may appoint ALJs for Chapter 5 proceedings).

[17] Agencies may also contract with OAH to conduct adjudicative proceedings.  (See, e.g., *Hayes v. California Dept. of Developmental Services* (2006) 138 Cal.App.4th 1523, 1530, fn. 2 (Department of Developmental Services); Gov. Code, § 27727 [local governmental entities].)

We are advised that parties to proceedings conducted by the OAH sometimes seek to be represented by a person who is not a member of the California State Bar, giving rise to the question whether representation by a nonlawyer is authorized by the APA.

The representation of another before a governmental entity has historically been regarded as the "practice of law."[18] Under the State Bar Act, it is unlawful to practice law in this state unless one is a member of the California State Bar or is otherwise authorized by statute or court rule to engage in the practice of law.[19] Although the Legislature has refrained from closely defining what constitutes the practice of law,[20] courts have construed the term to include "the doing and performing services in a court of justice in any matter depending therein throughout its various stages and in conformity with the adopted rules of procedure," and, even more broadly, "legal advice and legal instrument and contract preparation, whether or not these subjects were rendered in the course of litigation."[21]

While courts are careful to guard their constitutional prerogative to determine the qualifications of those who may practice before them,[22] they have generally deferred to the discretion of the Legislature or the executive branch where administrative

---

[18] See, e.g., *Baron v. City of Los Angeles* (1970) 2 Cal.3d 535, 543 (character of act, not forum, is decisive); *Hustedt v. Workers' Comp. Appeals Bd.* (1981) 30 Cal.3d 329, 335-336; see also *Benninghoff v. Superior Court* (2006) 136 Cal.App.4th 61 (disbarred lawyer may not represent another person in administrative proceedings).

[19] Bus. & Prof. Code, §§ 6125, 6126, subd. (a). For purposes of this opinion, the term "nonlawyer" or "unlicensed" includes lawyers who are licensed to practice law in other states or jurisdictions but are not active members of the California State Bar. The prohibition against the practice of law without membership in the California State Bar or authorization by statute applies equally to lay persons and to out-of-state attorneys. (*Birbrower, Montalbano, Cordon & Frank v. Superior Court* (1998) 17 Cal.4th 119, 130-132 (*Birbrower*).)

[20] *Birbrower*, *supra*, 17 Cal.4th at p. 128. However, the Legislature has specified circumstances in which activities that are commonly performed by licensed attorneys may be performed by persons who are not members of the California State Bar. (See, e.g., Bus. & Prof. Code, §§ 6450 [paralegals], 22440 et seq. [immigration consultants]; Code Civ. Proc., § 1297.351 [international commercial disputes].)

[21] *Birbrower*, *supra*, 17 Cal.4th at p. 128, internal quotation marks and citations omitted.

[22] See *Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724 (invalidating statutory authorization for nonlawyer representation in justice and municipal courts).

4

adjudications are concerned, subject to "judicial inquiry as to [the] propriety and reasonableness" of such regulations.[23]  Thus, the Supreme Court has acknowledged that, in the context of workers' compensation administrative proceedings, the Legislature has created an exception to the general prohibition against the practice of law by those who are not members of the California State Bar,[24] and the Court has recognized this to be a valid legislative policy choice.[25]  The Court has also recognized that the Public Utilities Commission, an administrative agency, may lawfully give parties the choice of being represented by a nonlawyer in adjudicatory proceedings before the Commission.[26]

From time to time, the Legislature has determined that, in selected administrative proceedings, a party may choose to be represented by a nonlawyer.[27]  Likewise, several administrative agencies have chosen to give parties the option of lay representation.[28]

But the question posed here is whether the APA *itself* authorizes a party to be represented by a nonlawyer in an administrative proceeding.  We conclude that it does not.  Unlike the statutes and administrative regulations that expressly allow parties to choose to be represented by a nonlawyer, the APA does not reflect any particular policy

---

[23] See *Eagle Indem. Co. v. Industrial Acc. Commission of Cal.* (1933) 217 Cal. 244, 247 (*Eagle*).

[24] *Eagle, supra,* at p. 248.

[25] See *id.* at p. 249.

[26] *Consumers Lobby Against Monopolies v. Public Utilities Commission* (1979) 25 Cal.3d 891, 913-914.

[27] See Lab. Code, §§ 1151.3 (Agricultural Labor Relations Board), 5700 (Workers Compensation Appeals Board); Unemp. Ins. Code, § 1957 (Unemployment Insurance Appeals Board); Welf. & Inst., Code, § 4701, subd. (f)(3) (Dept. of Development Services); Welf. & Inst. Code, § 10950, subd. (a) (Dept. of Social Welfare); see also Ed. Code, § 48918, subd. (b)(5) (school expulsion); Rev. & Tax Code, § 19084, subd. (a)(4) (Franchise Tax Board).

[28] See Cal. Code Regs., tit. 2, §§ 52.9 (State Personnel Board), 617.3, subd. (a) (Victim Compensation and Government Claims Board), 1187.8 (Commission on State Mandates); tit. 4, § 12060, subd. (j) (Gambling Control Commission); tit. 8, §§ 232.09, subd. (a) (California Apprenticeship Council), 378 (Occupational Safety & Health Appeals Board), 424.3, subd. (a) (Occupational Safety and Health Standards Board), 17209 (Dept. of Industrial Relations prevailing wage cases); tit. 10, § 2661.1, subd. (a) (Insurance Commissioner rate proceedings); tit. 17, §§ 60055.3, subd. (a), 60060.3, 60065.3 (Air Resources Board); tit. 22, §§ 2051-8, subd. (c)(3)(A) (Employment Development Department), 120222, subd. (a) (Dept. of Child Support Services); tit. 25, § 7637 (Office of Migrant Services).

choice on the subject.[29]  No provision of the APA expressly authorizes lay representation of parties in administrative hearings.  Notably, the Administrative Adjudication Bill of Rights—which applies to all proceedings under the APA, whether conducted pursuant to Chapter 5 or not—does not identify a right to lay representation.[30]

The Legislature appears to have left the decision whether to permit lay representation to the discretion of each administrative agency wherever the agency is given discretion to tailor its own procedures.[31]  But no discretion is afforded in those cases where Chapter 5 formal procedures are required.  The notice of hearing that is required to be given to respondents in Chapter 5 proceedings states:

> You may be present at the hearing.  You have the right to be represented by an attorney at your own expense.  You are not entitled to the appointment of an attorney to represent you at public expense.  You are entitled to represent yourself without legal counsel. . . .[32]

Absent from this enumeration is any reference to a party's right to be represented by someone other than an attorney.[33]  This is not surprising.  As noted earlier, Chapter 5 proceedings have many of the attributes of civil trials and, therefore, can reasonably be said to call for "the application of legal knowledge and technique."[34]

Because the Legislature has, in other statutes, expressly authorized lay representation of parties, the absence of any such authorization in the APA is especially significant.[35]  As it stands, in those proceedings required by statute to be conducted under Chapter 5, no lay representation is authorized.  In other administrative proceedings, the

---

[29] See *Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489, 508.

[30] See Gov. Code, §§ 11425.10-11425.60; 11501, subd. (b).

[31] See Gov. Code, § 11415.10, subd. (a).

[32] Gov. Code, § 11509.

[33] Accord, *Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094 (holding that corporation may appear in administrative proceedings *in propria persona* through its nonlawyer president, where proceedings did not involve disputed facts). Cf., *Prudential Ins. Co. of America v. Small Claims Court* (1946) 76 Cal.App.2d 379, 386-387 (officer or director appearing for corporation in small claims court as one "whose duties give him peculiar knowledge of the facts").

[34] *Baron v. City of Los Angeles*, *supra*, 2 Cal.3d at p. 543.

[35] E.g., *In re Jennings* (2004) 34 Cal.4th 254, 27; *People v. Trevino* (2001) 26 Cal.4th 237, 242.

6

availability of lay representation is left to the discretion of the administrative agency, consistent with the public policies underlying the State Bar Act. In light of the strong public-protection policy expressed by the State Bar Act,[36] we are not free to infer that the APA holds an unspoken exception to the prohibition against the unlicensed practice of law.[37]

We conclude that the Administrative Procedure Act does not, in itself, authorize a party to be represented in an administrative hearing by a person who is not an active member of the California State Bar.

**Question 2**

The second question is whether title 20 United States Code section 1415(h)(1), or its implementing regulations, or California Education Code section 56505, authorizes a party to a special education "due process hearing" to be represented by a person who is not an active member of the California State Bar. We conclude that they do not.

The federal Individuals with Disabilities Education Act (IDEA) regulates states' provision of special education to students with disabilities.[38] As a condition to receiving federal funds under IDEA, California has agreed to comply with IDEA's substantive provisions and procedural protections.[39]

IDEA allows a party to make a complaint relating to "the identification, evaluation, or educational placement" of a child with disabilities, or to "the provision of a free appropriate public education" for the child.[40] Such complaints may be resolved

---

[36] Bus. & Prof. Code, § 6001.1 (protection of public is highest priority for Bar); see *Birbrower*, *supra*, 17 Cal.4th at p. 136; *Gerhard v. Stephens* (1968) 68 Cal.2d 864, 918.

[37] It is argued that certain APA provisions refer to nonlawyer representation and therefore should be construed to constitute explicit authorization for such representation (see, e.g., *Benninghoff*, *supra*, 136 Cal.App.4th at pp. 66-67 & fn. 3 [noting similar claim]), but we do not agree. While some provisions of the APA implicitly recognize that a nonlawyer may represent a party (e.g., Gov. Code, §§ 11440.20 [service of notice], 11440.60, subd. (c) [submitting written communication to agency], 11455.30 [bad faith], 11520, subd. (b) [attorney fees]), we believe that the implicit recognition of nonlawyer representation that is reflected in the APA merely reflects that express authorization for lay representation occurs in statutes and regulations *other than the APA itself*.

[38] See generally 20 U.S.C. §§ 1400-1482.

[39] See 20 U.S.C. § 1412(a)(1)(A); see, e.g., Ed. Code, §§ 56000, 56040.

[40] 20 U.S.C. § 1415(b)(6)(A); See 34 C.F.R. § 300.507(a) (2017).

through mediation or through a "due process hearing."[41]  Under state law, due process hearings are conducted according to regulations adopted by the state Board of Education.[42]  In a due process hearing, the parties have a right to be "accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities."[43]  We now consider whether—under federal law (IDEA) or its implementing California law (Education Code section 56505)—a party is entitled to be *represented* by an expert adviser rather than by an attorney.

Looking first at IDEA section 615(h)(1) (20 U.S.C. § 1415(h)(1)), we conclude that it does not create an entitlement to lay representation in a due process hearing.  For a number of years, the United States Department of Education assumed that this federal statute authorized lay representation, until the Department reconsidered the question in 2008 and concluded that Congress more likely had intended to leave the issue of lay representation to the States.[44]  The applicable federal regulation, updated in 2008, states, "[W]hether parties have the right to be represented by non-attorneys at due process hearings is determined under State law."[45]  Finding no court holding to the contrary, we conclude that IDEA does not, in itself, authorize a party to be represented in a due process hearing by a person who is not an attorney.[46]

That brings us to the California Education Code.  In 1980, the Legislature enacted Education Code section 56505, using language that echoes the IDEA provisions phrase for phrase.[47]  Section 56505 has not been amended since 2008, when the U.S. Department of Education revised its regulations and left it to the states to decide for themselves whether to permit lay representation in IDEA hearings.  California has not adopted any rule or statute to enable lay representation in special education proceedings.  Therefore, we conclude that there is no entitlement to lay representation in special education due process hearings.

---

[41] 20 U.S.C.A § 1415(f)(1)(A); See 34 C.F.R. § 300.511(a) (2017); see Ed. Code, § 56501; Cal. Code Regs, tit. 5, § 3082.

[42] Ed. Code, § 56505, subd. (a).

[43] 20 U.S.C. § 1415(h)(1); see also Ed. Code, § 56505, subd. (e)(1).

[44] See 73 Fed.Reg. 732690, 732692 (Dec. 1, 2008); 73 Fed.Reg. 73006, 73017 (Dec. 1, 2008).

[45] See 34 C.F.R. § 300.512(a)(1) (2017); 73 Fed.Reg. 73027 (Dec. 1, 2008).

[46] Cf. 45 C.F.R. § 205.10(a)(3)(iii) (2017) (applicants or recipients of federal public assistance "may be represented by an authorized representative, such as legal counsel, relative, friend, or other spokesman, or he may represent himself").

[47] Compare Ed. Code, § 56505, sub. (e)(1) with 20 U.S.C. § 1415(h)(1).

8

By no means do we suggest that consultants and other lay advocates are barred from due process hearings. The law clearly states that, in addition to counsel, a party has "a right to be accompanied and advised by . . . individuals with special knowledge or training relating to the problems of individuals with exceptional needs."[48] We conclude only that parties to special education due process hearings do not have a right to have their legal interests represented by a nonlawyer. In other words, a nonlawyer may not engage in the practice of law in special education due process hearings.[49]

Accordingly, we conclude that neither title 20 United States Code section 1415(h)(1), nor its implementing regulations, nor California Education Code section 56505, subdivision (e)(1), authorizes a party in a special education due process hearing to be represented by a person who is not an active member of the California State Bar.

*****

---

[48] Ed. Code, § 56505, subd. (e)(1).

[49] Cf. Kerr & St. Hill, *Mediation of Special Education Disputes in Pennsylvania* (2012) 15 U.Pa. J.L. & Soc. Change 179, 193 ["A lay advocate's strength lies in having an intimate knowledge of the individual educational needs of the child. However, this does not necessarily correspond with successfully navigating mediation. Full engagement in mediation also requires a skill-set that focuses on knowledge of the law and negotiation skills, which is often better suited for an attorney"].

9