NICHOLSON, J.
*1011 This case involves citations issued to smog technician Marc Madison and his employer Davis Test Only Smog Testing, doing business as Citrus Heights Star Smog (Star Smog), after Madison passed an unpassable vehicle brought to the business by the Department of Consumer Affairs, Bureau of Automotive Repair (Bureau) for a smog inspection. The Bureau had replaced the working air injection system (part of the emissions control system) with a nonworking air injection system and did not attach a belt to the pulley to power the air injection system. Star Smog was assessed a $1,000 fine, and Madison was ordered to complete a Bureau training course.
Star Smog and Madison appealed the citations, and the case was heard by an administrative law judge. Star Smog and Madison acknowledged that Madison passed a vehicle that should not have passed the smog inspection, but they argued that the relevant regulations and guidelines from the Bureau were vague and did not give Madison notice that he needed to determine whether a belt was attached to the air injection system. At the administrative hearing, Star Smog, a corporation, was represented by Daniel McGarry, its former secretary/treasurer, not an attorney. Madison personally appeared. The administrative law judge rejected the arguments of Star Smog and Madison and issued a proposed decision upholding the citations, which proposed decision the Bureau adopted.
Star Smog and Madison filed a petition for writ of administrative mandamus, making the same arguments in the superior court. The superior court denied the petition, and Star Smog and Madison appeal.
Star Smog and Madison contend on appeal that the administrative decision is void because Star Smog and Madison were represented by a nonattorney. We conclude that Star Smog's decision to send its former secretary/treasurer to represent it in the administrative hearing did not render the decision void. We also conclude that Madison properly represented himself.
We therefore affirm.
BACKGROUND
As part of the Bureau's responsibilities to enforce smog inspection laws, an employee of the Bureau, Michael C. Roberts, modified the emissions control system of a 1985 Chevrolet S-10 Blazer by removing the air injection pump and the belt attached to the pump, which are part of the vehicle's emissions control system. Roberts *695 replaced those parts with an air injection pump that was seized up (nonfunctional) and a shorter belt that bypassed the pulley on to *1012 the air injection pump, attaching the belt only to the alternator and water pump. This left the air injection pump without power. The pulley to which a belt would be attached to power the air injection pump was visibly unconnected. To render the air injection system functional, it would have been necessary to replace the air injection pump and attach a belt to power it.
An undercover operative of the Bureau took the Blazer to Star Smog, where Madison performed a smog inspection and passed the vehicle, stating that the vehicle passed both a visual inspection and a functional test and that the vehicle had "Pump Air Injection."
The Bureau issued citations to Star Smog and Madison for violations of Health and Safety Code sections 44012, subdivision (f) and 44032. The citations required Star Smog to pay a $1,000 fine and Madison to complete an eight-hour certified training course through the Bureau.
Star Smog and Madison appealed the citations, and an administrative law judge held an administrative hearing on the matter. Madison testified that there are two kinds of air injection pumps: belt-driven and electric. He said that the vacuum diagram and underhood emissions label on the Blazer did not show that the air injection pump was connected to a belt. Roberts, the Bureau employee, testified that a smog technician should have observed that there was no belt attached to the air injection pump pulley. The presence of a pulley should have alerted the smog technician that the air injection pump was belt-driven, not electric. Star Smog and Madison acknowledged that Madison had passed a vehicle on which the belt-driven air injection pump had been disconnected, but they argued that the regulations and the Bureau's guidance were too vague to put Madison on notice that the air injection pump required a belt or that he needed to look for the belt.
The administrative law judge concluded that the statutes, regulations, and Bureau materials put Madison on notice that he had to determine whether the emissions control system on the Blazer was installed consistent with the manufacturer's original configuration. Madison should have recognized that the belt did not attach to the pulley on the air injection pump, which meant that the emissions control system was not installed consistent with the manufacturer's original configuration. The administrative law judge therefore upheld the citations.
Star Smog and Madison filed a petition for writ of administrative mandamus, which the superior court denied.[1]
*1013 DISCUSSION
I
Representation at Administrative Hearing
Star Smog and Madison contend that the administrative decision is void as a violation of due process because Daniel McGarry, who is a layperson and not an attorney, represented them at the administrative hearing. The contention is without merit as to Star Smog because Star Smog elected to have McGarry provide its representation and that decision did not violate Star Smog's statutory or constitutional *696 rights. And the contention is without merit as to Madison because he attended the hearing and represented himself.[2] Having notice of the administrative hearing, Star Smog elected to send McGarry rather than hiring an attorney who could attend. The perverseness of the contention presented here is obvious when it is stated as follows: Star Smog is alleging that it violated its own procedural due process rights and now asks us to void the administrative decision because of Star Smog's own choice.
After receiving the citation, Star Smog and Madison each filed a "Request to Appeal Citation." The Attorney General issued a notice of hearing, scheduling the hearing and notifying Star Smog and Madison of some of their rights. Included in the notice of hearing was the following language: "You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. ..."
At the hearing, McGarry appeared for Star Smog. When the administrative law judge asked McGarry whether "you've decided to represent yourselves," McGarry responded, "Yes. We actually originally hired an attorney, but-about three months prior, but the attorney was unavailable on that date, tried to get a different date. And we couldn't change the date, so rather than get a different attorney, I just decided to take the case myself." McGarry had been the secretary/treasurer of Star Smog. However, during the hearing, McGarry said that he was "no longer the secretary treasurer" of the corporation. In her proposed decision, the administrative law judge wrote that "Daniel McGarry, the former Secretary/Treasurer, represented [Star Smog]." At one point during *1014 the hearing, McGarry said: "I have been to law school. I have completed two years of law school. I'm not an attorney, but I have some legal training." There was no discussion during the administrative hearing concerning whether McGarry was allowed by law to represent Star Smog at that hearing.
Star Smog did not request a continuance to obtain counsel. ( Gov. Code, § 11524 [request for continuance].) Instead, Star Smog sent McGarry, a layperson. On the other hand, Madison appeared at the hearing.
A. Star Smog
Star Smog claims McGarry was practicing law when he represented Star Smog at the administrative hearing and therefore, by analogy to judicial proceedings, the administrative hearing and resulting decision were void. The flaw in this argument is that, even if McGarry were a layperson practicing law in the administrative hearing, the circumstance does not require voiding of the administrative proceedings.
Star Smog relies heavily on Benninghoff v. Superior Court (2006) 136 Cal.App.4th 61, 38 Cal.Rptr.3d 759 ( Benninghoff ), which held that representing a party in an administrative hearing constitutes the practice of law. In that case, a former lawyer who had resigned from the bar *697 represented parties in administrative hearings. The court held that the former lawyer could not do so because the Business and Professions Code prohibited such practice of law by a former lawyer, one who had resigned from the bar. ( Bus. & Prof. Code, § 6126, subd. (b).)
Benninghoff does not help Star Smog because the question to be answered is whether representation by a layperson rendered the proceedings void, not whether McGarry was technically practicing law when he represented Star Smog. Even if McGarry engaged in the unauthorized practice of law by representing Star Smog at the administrative hearing, such violation does not establish that the proceedings were void.[3]
The conclusion that representing a party in an administrative hearing is the practice of law does not provide a conclusive answer on the issue presented *1015 in this case because, in some instances in administrative proceedings, a layperson may practice law. (See, for example, administrative proceedings in which a layperson may represent a party: Welfare Rights Organization v. Crisan (1983) 33 Cal.3d 766, 770, 190 Cal.Rptr. 919, 661 P.2d 1073 [welfare hearings]; Consumers Lobby Against Monopolies v. Public Utilities Com . (1979) 25 Cal.3d 891, 913-914, 160 Cal.Rptr. 124, 603 P.2d 41 [Public Utilities Commission hearings]; Bland v. Reed (1968) 261 Cal.App.2d 445, 449, 67 Cal.Rptr. 859 [workers' compensation appeals].) While there appears to be no statute or rule concerning whether a layperson may represent a party in an administrative hearing on a citation from the Bureau, Star Smog provides no persuasive authority or argument for the proposition that allowing a layperson to represent a party in such a hearing is a violation of due process invalidating the proceedings.[4]
In a similar case, the court held that a corporation may be represented by a corporate officer at an administrative hearing on revocation of the corporation's liquor license.
*698 ( Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd. (2002) 99 Cal.App.4th 1094, 121 Cal.Rptr.2d 758 ( Caressa Camille ).) In that case, the court wrote: "[T]he general common law rule requiring corporations to be represented by counsel in proceedings before courts of record other than small claims courts does not extend to proceedings before administrative agencies and their tribunals." ( Id . at p. 1103, 121 Cal.Rptr.2d 758.) The court also noted: "Even were we persuaded to the contrary (and we are not), a decision rendered by an administrative body following a hearing at which a corporation was not represented by counsel would be voidable at the option of the opposing party, rather than void for lack of jurisdiction. [Citation.]" ( Ibid . ) Here, the Bureau has not sought to invalidate the decision.
We recognize that the current case is unlike Caressa Camille because the record does not support a finding that McGarry was a current corporate officer, or even a current employee, for that matter, when he represented Star Smog at the administrative hearing. Nonetheless, Caressa Camille is instructive because it establishes that principles relating to representation in a court of law do not necessarily apply to administrative proceedings.
*1016 In a court of law, "an unlicensed person cannot appear ... for another person, and ... the resulting judgment is a nullity." ( Russell v. Dopp (1995) 36 Cal.App.4th 765, 775, 42 Cal.Rptr.2d 768.) However, "procedural due process in the administrative setting does not always require application of the judicial model." ( Dixon v. Love (1977) 431 U.S. 105, 115, 97 S.Ct. 1723, 1729, 52 L.Ed.2d 172, 181-182.) Here, Star Smog gives us no reason to conclude that McGarry's representation at the administrative hearing was a violation of Star Smog's due process rights.
Finally, if McGarry's representation of Star Smog was not authorized, then Star Smog failed to appear at the properly noticed administrative hearing. "If the respondent ... fails ... to appear at the hearing, the agency may take action based upon the respondent's express admissions or upon other evidence and affidavits may be used as evidence without any notice to respondent ...." ( Gov. Code, § 11520, subd. (a).)
B. Madison
Madison contends McGarry improperly represented him at the administrative hearing. The contention is without merit because Madison appeared at the hearing and represented himself. The administrative law judge informed Madison of his right to be represented and offered him the opportunity to cross-examine witnesses and provide closing argument. The fact that McGarry included arguments concerning Madison in his statements at the hearing does not mean that McGarry was representing Madison.
II-III**
DISPOSITION
The judgment is affirmed. The Bureau is awarded its costs on appeal. ( Cal. Rules of Court, rule 8.278(a).)
We concur:
RAYE, P. J.
DUARTE, J.

Star Smog and Madison also filed a complaint for declaratory relief. The superior court dismissed the complaint, and Star Smog and Madison make no contention that the dismissal was improper.

The superior court determined that Star Smog and Madison abandoned this issue because they did not raise it in the petition for writ of administrative mandamus but instead raised it later in the memorandum of points and authorities in support of the petition. Star Smog and Madison assert that the issue of whether a proceeding is void can be raised at any time. We need not resolve this abandonment issue because the contention is without merit in any event.

In any event, the Benninghoff holding was limited specifically to the practice of law by a former lawyer who had resigned from the bar, interpreting Business and Professions Code section 6126, subdivision (b). (Benninghoff, supra, 136 Cal.App.4th at p. 69, 38 Cal.Rptr.3d 759.)
The statute making the unauthorized practice of law a crime does not assist us here because it does not apply if the person is an active member of the bar or is "otherwise authorized pursuant to statute or court rule to practice law." (Bus. & Prof. Code, § 6126, subd. (a) ; Benninghoff, supra, 136 Cal.App.4th at p. 69, 38 Cal.Rptr.3d 759.) This statute does not make it a crime for a layperson to practice law if such practice is authorized by statute or court rule. In other words, this statute allows that there may be circumstances under which a layperson may practice law.
On the issue of whether a layperson can represent a party in an administrative hearing, the Benninghoff court noted that the Administrative Procedure Act allows for representation by an attorney or other representative. Here, McGarry was not a former attorney; instead, he was a layperson.

Star Smog cites an apparently unpublished decision of a superior court in Delaware. (Marshall-Steele v. Nanticoke Mem'l Hosp., Inc. (Super.Ct. June 18, 1999, C.A. No. 98A-10-001) 1999 WL 458724, 1999 Del. Super. LEXIS 137.) In that case, which disagreed with another Delaware Superior Court case, the judge upheld an employee's bid to invalidate an unemployment insurance award in favor of an employer who was represented at the administrative hearing by a layperson. Here, unlike that case, it is the party seeking to void the proceedings who sent a layperson to represent it at the administrative hearing. The unpublished Delaware case is unpersuasive on the issue presented here.
The rule in California prohibiting citation of unpublished cases applies on its face only to unpublished California cases. (See Cal. Rules of Court, rule 8.1115.)

See footnote *, ante.