Filed 3/26/26  ZK Oakland Properties v. Golden Stream Properties CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ZK OAKLAND PROPERTIES LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GOLDEN STREAM PROPERTIES LLC et al.,<br><br>    Defendants and Appellants. | A171483<br><br>(Alameda County<br>Super. Ct. No. 22CV010031) |

### MEMORANDUM OPINION

Beginning in November 2019, Golden Stream Properties LLC (Golden) agreed to lease commercial property from ZK Oakland Properties LLC (ZK) for 10 years.[1]  Kwong Lai is the owner and manager of Golden, and he guaranteed the lease.  In December 2021, Golden stopped paying rent but refused to vacate the property.  In May 2022, the trial court issued an unlawful detainer judgment awarding ZK possession of the property and

---

[1] We resolve this case by memorandum opinion, including only necessary facts.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  We also note that Golden is currently unrepresented by counsel.  (*Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1101 [corporation cannot represent itself in court].)

1

damages — including rental damages from December 2021 through May 13, 2022.

While the unlawful detainer action was pending, ZK also sued for breach of lease and guaranty of damages. After a bench trial in April 2024, the trial court issued a judgment against Golden and Lai. The judgment awarded damages in the form of "unpaid rent," "late charges," "and unpaid abated rent subject to recapture" accrued from December 2021 through July 13, 2022. But it also provided Golden and Lai "shall receive credit against the amount of this Judgment for any amounts paid by defendants . . . in satisfaction of the" unlawful detainer judgment. The final statement of decision likewise stated ZK was "only entitled to recover its damages once from [Golden] and/ or LAI. [Golden] and/or Lai would be entitled in this action to an offset for any damages in this action that might duplicate damages awarded under a final judgment in the [unlawful detainer] case."

On appeal, Golden and Lai contend the "trial court erred by awarding damages that were duplicative of the prior unlawful detainer judgment." Assuming error, they have not demonstrated prejudice. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 [judgment not set aside unless error is prejudicial].) Although they correctly point out that a " 'lessor is precluded from recovering back-due rent associated with a particular time period in [a] subsequent civil action if such a claim was actually determined on the merits in [an] unlawful detainer action' " (boldface omitted), the court's judgment and final statement of decision explicitly preclude such double recovery here. (*Hong Sang Market, Inc. v. Peng* (2018) 20 Cal.App.5th 474, 497.) Reversal is not warranted. (*F.P. v. Monier*, at p. 1108.)

## DISPOSITION

The judgment is affirmed.  ZK shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
FUJISAKI, J.

A171483; *ZK Oakland Properties LLC v. Golden Stream Properties LLC*