[No. A102742. First Dist., Div. Five. July 23, 2004.]

CLD CONSTRUCTION, INC., Plaintiff and Appellant, v.
CITY OF SAN RAMON, Defendant and Respondent.

Counsel

Mayo & Rogers and Terence O. Mayo for Plaintiff and Appellant.

Byron D. Athan, City Attorney, for Defendant and Respondent.

Opinion

**JONES, P. J.**—Relying on long-standing authority holding that a complaint filed by a corporate party in propria persona is void, or a nullity, the trial court granted a motion to strike the complaint of CLD Construction, Inc. (CLD) against the City of San Ramon (City) for breach of contract without leave to amend. We conclude respondent City's objection to the complaint filed by the self-represented corporation raises a curable defect, and dismissal without leave to amend is not mandated. Accordingly, we reverse the judgment of dismissal.

## BACKGROUND

CLD and the City entered into a written contract whereby CLD agreed to construct a public skateboard facility for $227,700. CLD, represented by an attorney, made a claim against the City for breach of the contract. On April 12, 2002, CLD was notified that its claim was rejected. The rejection was sent to CLD's attorney and warned that CLD had only six months from that date to file a complaint against the City. The rejection also informed CLD that it could seek an attorney's advice in the matter, and should do so immediately if it wanted such advice.

On October 15, 2002, the last day for doing so, CLD filed its complaint, appearing "pro per." It alleged the City breached the skateboard contract by presenting architectural plans with numerous design errors, by instituting change orders, and by failing to compensate CLD for the delays caused by the change orders. It sought damages of $159,877.02 which, it alleged, were caused by the delays required to correct the deficiencies in the City's architect's plans. The unverified complaint was signed "by: Ali Neesaneh" whose name was typed as: "Ali Neesaneh, CLD Construction, Inc." The complaint did not identify Neesaneh's relationship to CLD, but the skateboard facility agreement, which was attached to the complaint, identified him as "owner" of CLD.

On December 6, 2002, CLD, "In Pro Per," filed a substitution of attorneys, substituting Terence Mayo and the law firm Mayo & Rogers as its attorney of record. Neesaneh, as president, executed the substitution for CLD.

On January 15, 2003, the City, pursuant to Code of Civil Procedure[1] section 435, moved to strike CLD's complaint in its entirety on the grounds a corporation cannot file a pleading in propria persona. Alternatively, it demurred on the grounds the court lacked subject matter jurisdiction because a complaint filed in propria persona on behalf of a corporation is void, and no valid complaint was filed within the requisite six months from April 12, 2002, the date the City rejected the claim.

The trial court granted the motion to strike without leave to amend because CLD's complaint was filed by a corporation without legal representation. Such a filing, the trial court held, was a "nullity." Given this conclusion, it deemed the demurrer moot. The trial court reasoned that because the substitution of attorney Mayo occurred after the statute of limitations for filing the complaint had run, the court lacked "original jurisdiction." It then dismissed the action with prejudice, and entered judgment and awarded costs to the City.

## DISCUSSION

### Standard of Review

■ Section 436 gives the trial court discretion to strike out all or any part of a pleading not filed in conformity with the laws of this state. An order striking a pleading (§ 435) is reviewed for abuse of discretion. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612 [107 Cal.Rptr.2d 489].)

### Corporate Representation by Attorney

■ A corporation has the capacity to bring a lawsuit because it has all the powers of a natural person in carrying out its business. (§ 17; Corp. Code, §§ 105, 207.) However, under a long-standing common law rule of procedure, a corporation, unlike a natural person, cannot represent itself before courts of record in propria persona, nor can it represent itself through a corporate officer, director or other employee who is not an attorney. It must be represented by licensed counsel in proceedings before courts of record. (*Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1101–1103 [121 Cal.Rptr.2d 758] & citations therein.) The same venerable common law rule obtains in federal courts, notwithstanding the comparable federal statute that permits "parties" to plead and conduct their own cases personally. (28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council* (1993) 506 U.S. 194, 201–202 [121

---

[1] All further section references are to the Code of Civil Procedure.

L.Ed.2d 656, 113 S.Ct. 716].) The rule exists in most sister states as well, often by statute. (Annot., Propriety and Effect of Corporation's Appearance Pro Se Through Agent Who Is Not Attorney (1992) 8 A.L.R.5th 653 §§ 2, 3, pp. 672, 675.)

Several rationales lie behind the rule. First, a corporation, as an artificial entity created by law, can only act in its affairs through its natural person agents and representatives. If the corporate agent who would likely appear on behalf of the corporation in court proceedings, e.g., an officer or director, is not an attorney, that person would be engaged in the unlicensed practice of law. (*Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 730 [147 Cal.Rptr. 631, 581 P.2d 636] (*Merco*).)

Second, the rule furthers the efficient administration of justice by assuring that qualified professionals, who, as officers of the court are subject to its control and to professional rules of conduct, present the corporation's case and aid the court in resolution of the issues. (*Merco, supra*, 21 Cal.3d at p. 732; *In re Victor Publishers, Inc.* (1st Cir. 1976) 545 F.2d 285, 286.) Third, the rule helps maintain the distinction between the corporation and its shareholders, directors, and officers. (8 A.L.R.5th, *supra*, at p. 672.)

■ A motion to strike under section 435 et seq. is traditionally used to reach pleading defects that are not subject to demurrer. (5 Witkin, Cal. Proc., 4th ed., Pleading, § 960, p. 420.) Every pleading must be subscribed, i.e., signed, by the party or his or her attorney. (§ 446, subd. (a).) CLD's complaint was not subscribed by an attorney, nor did it otherwise indicate that CLD was represented by counsel. Therefore, if CLD's complaint was, as respondent asserts, incurably defective insofar as it was subscribed only by its president, the court could strike it.

### Effect of Nonattorney Representation

■ The dispositive issue in this appeal is the consequence of the defect in CLD's complaint. Section 452 mandates that a pleading is to be liberally construed for purposes of determining its effect, "with a view to substantial justice between the parties." Where the defect raised by a motion to strike or by demurrer is reasonably capable of cure, "leave to amend is routinely and liberally granted to give the plaintiff a chance to cure the defect in question." (*Price v. Dames & Moore* (2001) 92 Cal.App.4th 355, 360 [112 Cal.Rptr.2d 65]; *Grieves v. Superior Court* (1984) 157 Cal.App.3d 159, 168 [203 Cal.Rptr. 556].) A pleading may be stricken only upon terms the court deems proper (§ 436, subd. (b)), that is, terms that are just. (§ 472a, subd. (c); *Vaccaro v. Kaiman* (1998) 63 Cal.App.4th 761, 768 [73 Cal.Rptr.2d 829].) It is generally an abuse of discretion to deny leave to amend, because the

drastic step of denial of the opportunity to correct the curable defect effectively terminates the pleader's action. (*Vaccaro v. Kaiman, supra,* at p. 768.)

Relying on *Paradise v. Nowlin* (1948) 86 Cal.App.2d 897 [195 P.2d 867] (*Paradise*), the City argues that CLD's defective complaint could not be cured because it was "void," insofar as CLD could not represent itself. Therefore, the City urges, the court was mandated to dismiss the action because no valid complaint was filed within the statute of limitations.

In *Paradise,* the respondent moved to dismiss an appeal because the appellant, a corporation, failed to pay the filing fee within the requisite time. (*Paradise, supra,* 86 Cal.App.2d at p. 898.) The appellate court agreed that dismissal was warranted on that ground, but on its own motion dismissed the appeal for "another and more important reason . . . that the defendant corporation filed [its] notice of appeal . . . and its opposition to the dismissal . . . in propria persona. Such notice and opposition are void by reason of the corporation's lack of power to represent itself in an action in court." (*Ibid.*) *Paradise* supported its conclusion by citing numerous federal and sister state cases expressing the rule that a corporation can only be represented by an attorney. (*Ibid.*)

We question the present day validity of *Paradise*'s summary conclusion that a notice of appeal (or, impliedly, another document) filed on behalf of a corporation by a nonattorney is automatically void, that is, of no legal effect whatever, an absolute nullity. (Black's Law Dict. (7th ed. 1999), p. 1568, col. 1.) We further question whether *Paradise* supports the proposition that the admitted defect in CLD's complaint is incurable.

The first cited authority in *Paradise* is *Bennie v. Triangle Ranch Co.* (1923) 73 Colo. 586 ([216 Pac. 718]), in which the Colorado court held that a judgment resulting from proceedings instituted and prosecuted by a nonattorney for a corporation was void because it was contrary to Colorado law permitting only licensed attorneys to practice law. Other out-of-state cases in *Paradise's* string of citations also followed *Bennie.* However, at least two of the out-of-state cases cited by *Paradise* are distinguishable: the trial courts, although striking the corporations' answers for lack of an attorney, gave the corporate defendants leave to appear or amend through an attorney. The trial courts' rulings granting leave to amend were affirmed on appeal. (See *Aberdeen Bindery v. Eastern States etc. Co.* (1938) 166 Misc. 904 [3 N.Y.S.2d 419, 423]; *Brandstein v. White Lamps, Inc.* (D.C.N.Y. 1937) 20 F.Supp. 369, 370.) Thus, there was no uniform rule regarding the consequence of a corporation's failure to be represented by an attorney in 1948 when *Paradise* was decided. A review of subsequent cases reveals a more lenient response to this failure.

In federal courts there has been a consistent pattern during the last 40 years to dismiss a corporation that initially appears via a nonattorney officer or shareholder only after the corporation has been given a reasonable time to secure counsel.[2]

State courts are divided in their response. Some states have taken the view that all actions taken by a nonattorney on behalf of a corporate party have no effect, and are a "nullity."[3] The pleading defect is considered incurable and raises a barrier going to the court's power to exercise subject matter jurisdiction. Other states take the approach that this defect in representation is a "correctable defect," permitting the corporation a reasonable time to obtain an attorney.[4]

---

[2] See, e.g., *Southwest Exp. Co., Inc. v. I.C.C.* (5th Cir. 1982) 670 F.2d 53: proceedings held in abeyance for 18 days to allow corporation to cure deficiencies in its petition, including lack of attorney signature; *United States v. 9.19 Acres of Land, Marquette Co., Mich.* (6th Cir. 1969) 416 F.2d 1244: trial court abused its discretion in denying continuance when nonattorney corporate president learns one week before trial he cannot represent corporation and cannot locate an attorney; *Strong Del. Min. Ass'n v. Board of App. of Cook Cty.* (7th Cir. 1976) 543 F.2d 32: corporation whose complaint filed by nonattorney president given leave to file an amended complaint by locally licensed attorney; *U.S. v. High Country Broadcasting Co., Inc.* (9th Cir. 1993) 3 F.3d 1244: "perfectly appropriate" to enter default judgment against corporation when corporation's president/sole shareholder does not follow court order to obtain counsel; *Flora Construction Co. v. Fireman's Fund Insurance Co.* (10th Cir. 1962) 307 F.2d 413: defendant corporation that appears via its nonattorney president allowed time to secure attorney; *Sermor, Inc. v. U.S.* (1987) 13 Cl.Ct. 1: court does not abuse discretion in dismissing action after giving nonattorney corporate president every opportunity to cure the corporation's failure to be represented by counsel.

[3] See, e.g., *Housing Authority of Cook County v. Tonsul* (1983) 115 Ill.App.3d 739 [450 N.E.2d 1248, 71 Ill.Dec. 369]: judgment void even if layperson merely signs complaint and all other appearances are by attorney; *Land Management v. Department of Envir. Protec.* (Me. 1977) 368 A.2d 602: complaint signed by layperson a nullity and action dismissed; *Massongill v. McDevitt* (Okla. 1989) 828 P.2d 438 [OKCIVAPP 82], same; *Tracy-Burke v. Department of Employment Sec.* (Utah 1985) 699 P.2d 687: petition for review signed by nonattorney corporate officer dismissed, but see *DeBry v. Cascade Enterprises* (Utah 1994) 879 P.2d 1353, leaving "open for another time" whether judgment must be reversed if the nonlawyer partners who represent business partnership are engaged in practice of law; *Jadair Inc. v. U.S. Fire Ins. Co.* (1997) 209 Wis.2d 187 [562 N.W.2d 401]: appeal dismissed because attorney must sign notice of appeal to invoke appellate court jurisdiction.

[4] See, e.g., *A-OK Const. v. Castle Const.* (Ala. 1992) 594 So.2d 53: rule that attorney must sign appellate brief suspended in interest of judicial economy; *Boydston v. Strole Development Co.* (1998) 193 Ariz. 47 [969 P.2d 653]: corporation given reasonable opportunity to correct notice of appeal signed by nonlawyer officer; *Szteinbaum v. Kaes Inversiones y Valores* (Fla.Dist.Ct.App. 1985) 476 So.2d 247: corporation allowed to amend complaint, signed only by corporate officer, by adding attorney's signature; *Oahu Plumbing & Sheet Metal v. Kona* (1979) 60 Hawaii 372 [590 P.2d 570]: dicta that corporation unrepresented by attorney during motion to set aside judgment might be allowed time to get one; *Hawkeye Bank & Trust v. Baugh* (Iowa 1990) 463 N.W.2d 22: abuse of discretion not to grant trial continuance to allow corporation time to secure attorney; *Waite v. Carpenter* (1992) 1 Neb.App. 321 [496 N.W.2d 1]: trial court's decision to refuse corporation opportunity to obtain attorney measured by

Although no California case has specifically disagreed with *Paradise*'s holding that a notice of appeal filed by a layperson on behalf of a corporation is void, at least one has done so impliedly by ignoring it. In *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1282 [111 Cal.Rptr.2d 439], a nonlawyer shareholder/director noticed an appeal on behalf of the corporation. Without any mention of *Paradise*, the Court of Appeal, Fourth District, Division Three, notified the corporation that its appeal would be dismissed unless it retained counsel, which it did.

Other California cases have relaxed the rule that a corporation must be represented in all legal proceedings by an attorney. Even prior to the *Paradise* opinion, *Prudential Insurance Co. v. Small Claims Court* (1946) 76 Cal.App.2d 379 [173 P.2d 38], held that a natural person may appear on behalf of a corporation in a small claims proceeding, given the statutory proscription against attorneys appearing for parties in a small claims action. *Tom Thumb Glove Co. v. Han* (1978) 78 Cal.App.3d 1, 7–8 [144 Cal.Rptr. 30], held that a nonattorney corporate officer or agent may apply for entry of judgment on a sister state judgment, insofar as entry of the judgment based on the application is a mandatory ministerial act by the clerk, not a judicial act of the court. *Caressa Camille, Inc., supra,* 99 Cal.App.4th at page 1103, held that a corporation need not be represented by an attorney in proceedings before administrative agencies and their tribunals. This court held that a nonlawyer agent of a corporation can file a notice of appeal from an administrative ruling to secure a statutorily permitted de novo hearing in the trial court. (*Rogers v. Municipal Court* (1988) 197 Cal.App.3d 1314, 1318 [243 Cal.Rptr. 530].)

■ Given the weight of nationwide authority and this state's increasing acceptance of the view that representation of the corporation by an attorney is *not* an absolute prerequisite to the court's fundamental power to hear or determine a case, we are persuaded it is more appropriate and just to treat a corporation's failure to be represented by an attorney as a defect that may be corrected, on such terms as are just in the sound discretion of the court. First and foremost, this approach honors the cornerstone jurisprudential policies that, in furtherance of justice, complaints are to be liberally construed (§ 452) and disputes should be resolved on their merits (*Hocharian v. Superior Court* (1981) 28 Cal.3d 714, 724 [170 Cal.Rptr. 790, 621 P.2d 829]).

---

abuse of discretion standard; *KSNG Architects, Inc. v. Beasley* (Tex. App. 2003) 109 S.W.3d 894: issues concerning the striking of a pleading filed on behalf of an attorney by nonattorney representative measured by abuse of discretion standard; *Starrett v. Shepard* (Wyo. 1980) 606 P.2d 1247, 1254: pleadings filed by nonattorney corporate officer subject to being struck, but no abuse of discretion in refusing to grant default judgment when the representation was very limited (appearance not made with knowledge it was improper, attorney engaged soon after filing, opposing party not prejudiced).

■ This conclusion also recognizes the legislative directive that a corporation shall be deemed a "person" with the capacity, or legal authority, to sue, that is, to be a party to a lawsuit. (§ 17; Corp. Code, § 207; *Parker v. Bowron* (1953) 40 Cal.2d 344, 351 [254 P.2d 6]; *Friendly Village Community Assn., Inc. v. Silva & Hill Constr. Co.* (1973) 31 Cal.App.3d 220, 224 [107 Cal.Rptr. 123].) The rule requiring representation by an attorney does not deprive a corporation of this capacity to be a party to a lawsuit. It is not a fact essential to the corporation's cause of action or an element constituting its right of action. (See *California Sav. & L. Soc. v. Harris* (1896) 111 Cal. 133, 136 [43 P. 525].) To deem a pleading void because the corporation on whose behalf it was filed, although statutorily authorized to be a party, did not have an attorney sign the pleading, elevates the attorney to a role akin to that of an indispensable party.

Furthermore, the flexible rule we articulate in no way impairs the court's ability to assure that trained legal professionals participate in the presentation of the corporation's case. The rule's pragmatic purpose of protecting against the distractions and potentially harmful results that can arise from the unlicensed practice of law will still be served because the court retains authority to dismiss an action if an unrepresented corporation does not obtain counsel within reasonable time.

Finally, as this case demonstrates, the absence of legal representation at the threshold step of a lawsuit—filing the complaint—rarely prejudices the opposing party. At such an early stage, denial of a motion to strike or granting leave to amend to show representation by counsel on such terms as the trial court deems just will not frustrate the rule's purpose of guarding against the unlicensed practice of law and preventing its attendant problems. To the extent the opposing party is burdened by having to bring a motion to strike the complaint of a corporation not represented by counsel, the court, as a condition for granting leave to amend, may order the corporation to pay the opposing party's expenses for bringing the motion. (§ 436; *Vaccaro v. Kaiman, supra,* 63 Cal.App.4th at p. 769.) Here, CLD had substituted Attorney Mayo and his law firm before the City appeared, making CLD's self-representation in its otherwise timely filed complaint brief, minimal, and essentially inconsequential. For all practical purposes CLD was represented by counsel before the City became a player in the action, so neither the City nor the trial court was ever in the position of having to deal with a nonattorney corporate representative.[5]

---

[5] It appears the substitution may have occurred even before the City was served. A party against whom a complaint is filed has 30 days to demur or move to strike. (§§ 430.40; 435, subd. (b)(1).) The City filed its motion on January 15, 2003, implying it was served no earlier than December 15, 2002. CLD's substitution of attorneys was filed December 6, 2002.

■ Our conclusion is supported by appellate authority, which declines to limit the power of courts to act when the corporate party has failed to comply with statutory requirements of corporate formation, or the corporation's power to do business in California has been suspended. In fact, California cases have long held that the suspension of a corporation's corporate powers due to a failure to comply with statutory requirements governing corporations does not implicate the court's subject matter jurisdiction or prevent the corporation from commencing an action; noncomplying corporations have been permitted to revive their corporate powers or correct the defects prior to trial. For example, in *Color-Vue, Inc. v. Abrams* the lack of capacity to sue due to a failure to pay back taxes was held to be a technical objection which must be pled specifically and may be waived for failure to raise it at the earliest opportunity. Upon correction of the defect, the corporation is permitted to prosecute or defend an action. (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1605–1606 [52 Cal.Rptr.2d 443]; see also *Traub Co. v. Coffee Break Service, Inc.* (1967) 66 Cal.2d 368, 370–371 [57 Cal.Rptr. 846, 425 P.2d 790]; *Ward Land etc. Co. v. Mapes* (1905) 147 Cal. 747, 753 [82 P. 426] and *United Medical Management Ltd. v. Gatto* (1996) 49 Cal.App.4th 1732, 1739–1740 [57 Cal.Rptr.2d 600] [foreign corporation not qualified with Secretary of State to transact intrastate business may commence action but action subject to abatement]; *California Sav. & L. Soc. v. Harris, supra,* 111 Cal. at pp. 136–137 [action by corporation that failed, per former Civ. Code, § 299 to file articles of incorporation in county in which it held property subject only to plea of abatement].)

■ Our conclusion is also consistent with the treatment of actions commenced by minors unrepresented by legal guardians. In *Doyle v. Loyd* (1941) 45 Cal.App.2d 493 [114 P.2d 398], two minor plaintiffs appeared for trial in a personal injury action by themselves. Learning their ages, the court promptly arranged for the appointment of guardians ad litem, who acted for the minors thereafter. The trial court denied the defendant's motion to strike the minors' causes of action based on the statutory mandate that minors "shall appear" by guardians ad litem. (§ 372, subd. (a).) The appellate court found no error. "The statutes regarding guardians *ad litem* were enacted for the purpose of protecting the minors and not for the purpose of precluding them from their legal rights." (*Doyle v. Loyd, supra,* 45 Cal.App.2d at p. 497.) Likewise, the procedural rule that a corporation be represented by counsel is for the corporation's benefit, as well as that of the court and the judicial process.

(*Merco, supra*, 21 Cal.3d at p. 732). The corporation should not be foreclosed from going forward with its legal right to sue because of a defective complaint that can be readily and easily cured without prejudice to either its opponent or the court.

## DISPOSITION

The judgment is reversed and the matter remanded with directions to permit CLD leave to file an amended complaint. The parties shall bear their own costs on appeal.

Stevens, J., and Simons, J., concurred.