Filed 7/14/22  Valkof v. U.S. Bank CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| VLADO VALKOF,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>U.S. BANK, N.A.,<br><br>    Defendant and Respondent. | B313341<br><br>(Los Angeles County<br>Super. Ct. No. 19SMCV00453) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark H. Epstein, Judge.  Affirmed.

John L. Dodd & Associates and John L. Dodd for Plaintiff and Appellant.

Ballard Spahr, Scott S. Humphreys, Susan Nona Nikdel, Justin Kerner, and Tracy Blane Rane, for Defendant and Respondent.

_____

Vlado Valkof filed this suit derivatively on behalf of SIV, LLC against U.S. Bank, N.A. (the Bank). His sole claim is for negligence related to his ex-wife and former business partner Ana Valkova's (Valkova) opening of a bank account and alleged misappropriation of funds deposited into that account that were meant for SIV, LLC. The Bank demurred, and the trial court sustained its demurrer to the second amended complaint without leave to amend. The trial court concluded that Valkof failed to properly plead negligence, and the claim was also barred by the statute of limitations. Valkof appeals, arguing the trial court erred on both grounds.

We agree with the trial court that the negligence claim is time-barred. We therefore do not need to address whether the negligence claim was also properly pled. We affirm solely on the ground that the negligence claim is time-barred.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Valkof is a member of SIV, LLC, which he established with Valkova and three others, in September 2014.

In December 2014, Valkova went to the Bank and opened a business checking account in the name of "Ana V. Valkova dba SIV[,] LLC." Valkova told the Bank's representative that she was the only member and manager of SIV, LLC, even though it had other members. The Bank did not ask to see SIV, LLC's operative agreement or fictitious business name statement.

---

[1] The factual background is drawn exclusively from the properly pleaded allegations in the operative second amended complaint. (See *Heckart v. A-1 Self Storage, Inc.* (2018) 4 Cal.5th 749, 753–754.)

Valkova presented a signed resolution from SIV, LLC authorizing her to open the account, which she signed as the single member.

Subsequently, Valkova led Valkof and the other members of SIV, LLC to believe that an account was opened for SIV, LLC, so they transferred a total of $330,000 into the account titled "Ana V. Valkova dba SIV[,] LLC," with at least some checks made out to "SIV, LLC." Valkova subsequently converted the funds meant for SIV, LLC in the account for her personal use.

Valkof did not know of the full extent of the above-described circumstances until April 2017, which is when his family law attorney received a response to a subpoena to the Bank in his family law case.

On March 7, 2019, Valkof filed a suit against Valkova and the Bank derivatively on behalf of SIV, LLC. The other members of SIV, LLC declined to join him in the suit. Valkof voluntarily dismissed Valkova from the suit in August 2019.

Valkof filed his first amended complaint, which was only against the Bank, in March 2020. The Bank demurred, and the court sustained that demurrer, with leave to amend, in June 2020.

Valkof filed his second amended complaint in July 2020, asserting a sole claim of negligence against the Bank. The Bank again demurred, and the trial court sustained it without leave to amend after a hearing and supplemental briefing on the applicable statute of limitations.

Valkof timely appealed.[2]

---

[2]    U.S. Bank argues that this appeal is untimely, erroneously claiming that the appeal was due by March 20, 2021. The Notice

## DISCUSSION

### A.     Demurrer Standard and Standard of Review

A general demurrer challenges whether the allegations of a complaint are sufficient to state a cause of action.  (Code Civ. Proc., § 430.10, subd. (e); *SLPR, L.L.C. v. San Diego Unified Port Dist.* (2020) 49 Cal.App.5th 284, 316 (*SLPR*).)  In evaluating the sufficiency of the allegations, the court must accept the truth of all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law, and may also consider matters that may be judicially noticed.  (*SLPR*, *supra*, at p. 316.)

Our review of the trial court's judgment after sustaining a demurrer is de novo.  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43 (*Rakestraw*).)  On appeal, it is the plaintiff's burden to show error by the trial court in sustaining a demurrer, and we may affirm on any ground stated in the demurrer without regard to the trial court's basis for decision.  (*SLPR*, *supra*, 49 Cal.App.5th at p. 317.)  Because a demurrer tests the legal sufficiency of a complaint, on appeal "the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action."  (*Rakestraw*, *supra*, at

---

of Appeal was filed prematurely, on April 1, 2021.  We therefore notified Valkof on August 13, 2021, that his appeal would be dismissed because he had not filed a judgment of dismissal, which is required for an appeal of an order on a demurrer.  (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695 (*Hill*).)  The trial court entered the judgment of dismissal on September 1, 2021, and Valkof filed that judgment with this court on September 8, 2021.  His appeal is therefore timely.  (See Cal. Rules of Court, rule 8.104(a).)

4

p. 43.)

**B.    Valkof Timely Cured His Lack of an Attorney**

The Bank asks us to dismiss Valkof's appeal without considering the merits because he filed his notice of appeal pro se, without counsel, as a derivative of an LLC, citing *Paradise v. Nowlin* (1948) 86 Cal.App.2d 897, 898 (*Paradise*) ["A corporation cannot appear in court by an officer who is not an attorney and it cannot appear in propria persona"].) We decline to do so, following more recent precedent holding that a pro se filing can be cured by timely obtaining counsel.

In 2004, the court in *CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141 (*CLD*) noted that authorities subsequent to the 1948 *Paradise* decision have "question[ed] the present day validity of *Paradise's* summary conclusion that a notice of appeal (or, impliedly, another document) filed on behalf of a corporation by a nonattorney is automatically void" and have found it "more appropriate and just to treat a corporation's failure to be represented by an attorney as a defect that may be corrected." (*CLD,* at pp. 1147, 1149 [holding a complaint filed by a non-attorney on behalf of a corporation could be timely cured].) In *CLD*, the court cited "the weight of nationwide authority [in favor of allowing for timely curing of a pro se filing on behalf of a corporation] and this state's increasing acceptance of the view that representation of the corporation by an attorney is *not* an absolute prerequisite to the court's fundamental power to hear or determine a case." (*Id.* at p. 1149.)

It does not appear that any published California case has followed or disagreed with *CLD* for this proposition. At least one court ignored it. In *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276 (*Gamet*), a non-attorney noticed an appeal on behalf of a corporation. Without any mention of *Paradise*, the court in

5

*Gamet* notified the corporation that its appeal would be dismissed unless it timely retained counsel, which it did.  (*Id.* at p. 1282.)

We follow the well-reasoned approach of *CLD* in declining to follow *Paradise* if a filing by a non-attorney can be timely cured without prejudice to the opposing party or the court.  (*CLD, supra*, 120 Cal.App.4th at p. 1150.)  Allowing appellants to cure the defect of filing pro se when a corporation or LLC needs to be represented by counsel is a rule that serves a "pragmatic purpose of protecting against the distractions and potentially harmful results that can arise from the unlicensed practice of law . . . because the court retains authority to dismiss an action if an unrepresented corporation does not obtain counsel within reasonable time," and furthers the goal that "disputes should be resolved on their merits."  (*Id.* at p. 1149.)

The curative approaches of *CLD* and *Gamet* are particularly appropriate on the facts here where the defect was cured before the appeal was even effectively valid.  Valkof's pro se notice of appeal was filed on April 1, 2021, months before the trial court's judgment of dismissal was entered.  Valkova retained counsel on August 25, 2021—before the trial court entered the judgment of dismissal on September 1, 2021.  On August 26, 2021, we granted Valkof an extension of time to file the judgment of dismissal until September 27, 2021, after we notified him that an appeal from an order on a demurrer is not appropriate until a judgment of dismissal is entered (citing *Hill, supra,* 33 Cal.App.4th 1684).  Because Valkof cured his lack of an attorney *before* the appeal was effectively valid, he timely cured his defect.  SIV, LLC was thus represented before the Bank or this court were "in the position of having to deal with a nonattorney corporate representative," so there was no prejudice to us or the appellee.  (*Cf. CLD, supra*, 120 Cal.App.4th at pp. 1150, 1152

6

[allowing time to timely cure where there is no prejudice to the court nor appellees].)

Finally, we reject Valkof's assertion that because his suit is on behalf of an LCC, rather than a corporation, as in *Paradise*, he could file pro se. LLCs are similar to corporations and unincorporated associations in that they are legal entities separate and apart from their members, and are not natural persons, so they must be represented through licensed attorneys because they are not natural persons. (*See Clean Air Transport Systems v. San Mateo County Transit Dist.* (1988) 198 Cal.App.3d 576, 578-579; Edmon & Karnow, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2021) ¶¶ 2:123-2:125.)

**C.    The Negligence Claim is Time-Barred**

We find that the demurrer was properly sustained because the second amended complaint's sole claim is time-barred.

For the defense that a claim is time-barred to be successful on general demurrer, the "defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows merely that the action may be barred." (*McMahon v. Republic Van & Storage Co., Inc.* (1963) 59 Cal.2d 871, 874; see also *E–Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315 (*E–Fab*).) In evaluating whether the claim is time-barred, the court must determine (1) which statute of limitations applies and (2) when the claim accrued. (*E–Fab*, *supra*, 153 Cal.App.4th at p. 1316.)

As to the first determination, the statute of limitations governing Valkof's negligence claim is two years. (Code Civ. Proc., § 335.1.) Valkof concedes this.

7

Valkof's claim of error is with the second inquiry. He argues that the trial court erred in relying on police reports to determine when his negligence claim accrued. Notably, he does not assert that the trial court erred in also relying on an email that he attached to the complaint to reach its conclusion. He concedes that a trial court can, when considering a demurrer, accept as fact the content of exhibits directly attached to a complaint, and recognizes that he attached the email that the trial court relied on to the complaint. Instead, he argues that the trial court erred in drawing an unwarranted "inference" from that email that he had knowledge of the Bank's wrongful conduct no later than February 8, 2016, which made the complaint filed in March 2019 untimely. In the second amended complaint, he plead delayed discovery: stating that he did not know the "full extent" of Valkova's crime until his lawyer obtained the U.S. Bank documents in April 2017. His argument fails for two reasons.

First, he did not properly plead delayed discovery. The limitations period generally commences when the cause of action accrues. (Code Civ. Proc., § 312.) The discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. (*E-Fab, supra*, 153 Cal.App.4th at p. 1318.) "A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 807 (*Fox*).) To rely on the delayed discovery rule, a plaintiff must plead "'the inability to have made earlier discovery despite reasonable diligence.'" (*Id.* at p. 808.) Valkof did not do so. There are no allegations of there being any valid reason why Valkof waited a year to subpoena bank records. He therefore cannot rely upon the discovery rule in asserting that

8

he learned of the alleged bank negligence in April 2017.

Second, the evidence incorporated into the complaint—i.e., the email (alone, even without the police reports which we do not rely on here)—shows that the claim accrued in February 2016, which made the complaint filed in March 2019 untimely. Attached to the second amended complaint is an email from Valkof to the other members of the LLC stating, "Following the decision from our legally scheduled and called LLC meeting on February 8, 2016, at R+D Restaurant . . . I filed a police report #2016-00005260 about Ana's crime[.]"  This shows that Valkof knew of Valkova's crime in February 2016, and thus had a reason to suspect a factual basis for the negligence claim against the Bank at this time.  (See *Fox, supra*, 35 Cal.4th at p. 807 [claim accrues where there is reason to suspect a factual basis].)  Valkof does not dispute that the crime by Valkova referred to in the email is the basis for his negligence claim against the Bank.  The second amended complaint specifically alleges that Valkof and three other members of SIV, LLC transferred approximately $330,000 into the bank account, and that Valkova converted some of those funds to her personal use.  As Valkof recognizes, exhibits are incorporated into the face of the complaint for purposes of considering the demurrer, including the statute of limitations. (See *Foxen v. Carpenter* (2016) 6 Cal.App.5th 284, 288, 292.) When there is a conflict between factual allegations in a complaint and evidence in the exhibits attached to it, we credit the evidence.  (*Barnett v. Fireman's Fund Ins. Co.* (2001) 90 Cal.App.4th 500, 505.)  Here, the evidence shows that Valkof knew of Valkova's crime in February 2016 (involving her accessing money that the Bank was supposed to be holding for SIV, LLC's sole use) and thus had reason to suspect negligence by the Bank then too.  Valkof did not need to know that the Bank

had committed wrongdoing for the statute of limitations to be triggered.  Under the delayed discovery rule, there is no delay in accrual when the defendant is unknown because the identity of the defendant is not an element of a cause of action.  (*Fox*, *supra*, 35 Cal.4th at p. 807.)

In sum, the statute of limitations had run on Valkof's negligence claim, precluding his sole claim against the Bank.

## D. Request for Judicial Notice of This Court's Family Court Appeal File is Denied Because the Family Court Minute Order is Irrelevant

Valkof asks us to take judicial notice of the family court file in his divorce matter with Valkova, asserting it is relevant to the Bank's assertion in its demurrer that a "referenced order in Mr. Valkof's family law matter is final."  We decline to do so because the family court file and its contents not relevant to anything on appeal.

Relatedly, on appeal Valkof takes issue with the trial court taking judicial notice "of the family law minute order," arguing that "[t]o the extent the court relied on the family law order, it erred.  Even if it didn't rely on it, the order cannot be the basis for affirmance."  The trial court did not rely on any family law order in sustaining the demurrer, and we do not rely on it now.  It is irrelevant to the trial court's decision, and to our decision, so we do not rely on it ourselves, nor take judicial notice of the record in the family law matter.

## DISPOSITION

The judgment is affirmed.  Defendant U.S. Bank is entitled to its costs on appeal.


HARUTUNIAN, J.*

We concur:


STRATTON, P. J.


WILEY, J.

---

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11