Filed 1/31/24  Zeppieri v. Archuleta CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WALTER ZEPPIERI, | B317305 |
| Cross-complainant and Respondent, | (Los Angeles County Super. Ct. No. 20STLC02638) |
| v. | |
| ANDREW ARCHULETA et al., | |
| Cross-defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed.

Pettis Law Firm, James C. Pettis, and Vincent Unuorakpor for Cross-Defendants and Appellants.

Law Offices of T. Britt Rudman and T. Britt Rudman for Cross-Complainant and Respondent.

————————————————

This appeal is from a default judgment in the amount of $430,913 entered against cross-defendants Andrew Archuleta (Archuleta) and Archuleta Construction LLC (Archuleta LLC) (collectively, defendants). Defendants contend the default judgment is void because the cross-complaint did not specify the damages sought, and the summons served on Archuleta LLC did not contain language required by Code of Civil Procedure[1] section 412.30.

As we discuss, the damages awarded in the default judgment did not exceed those pled in the cross-complaint, and the evidence establishes that the summons served on Archuleta LLC contained the mandatory language. Accordingly, we affirm the default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Cross-complaint.

In March 2020, Wesco Insurance Company filed a complaint seeking indemnity under a construction bond against Archuleta and Walter Zeppieri, among others. Thereafter, Walter Zeppieri d/b/a Walter Zeppieri Construction (Zeppieri) filed a cross-complaint alleging contract and tort causes of action against defendants.[2] The cross-complaint alleged that Zeppieri was the general contractor on a construction project in Agua Dulce, California (the project). Zeppieri subcontracted with defendants to perform the project's excavation, grading, and pipe

---

[1] All subsequent undesignated statutory references are to the Code of Civil Procedure.

[2] Only the cross-complaint is relevant to this appeal, and thus we will not further discuss the underlying complaint.

work. The subcontract provided that defendants would work six days a week and would complete their work by May 7, 2018; however, they failed to do so, causing substantial delays to the project. Further, defendants did substandard work that did not pass inspections, failed to pay some of their equipment suppliers, and abandoned their work under the subcontract, leaving the project unfinished and unpermitted. The cross-complaint alleged that Zeppieri therefore was damaged "in [an] amount not less than $438,289.20," as follows:

—"In order to finish the [project], [Zeppieri] performed the work of [defendants] himself, and retained other vendors, equipment, and suppliers and another Sub-Contractor to finish the work . . . and repair the defective work done by [defendants]. [Zeppieri] spent $233,371.12 over the amount paid to [defendants] or on [their] behalf."

—"Additionally, when [defendants] failed to pay [an equipment supplier] for Equipment [defendants] had rented for the [project], [the supplier] filed a mechanics lien against the [property] . . . and filed suit against the [property's] owner." As a result, "Zeppieri was required to indemnify the [property] owner's attorney fees in the amount of $2,500."

—"Per the contract, [defendants] agreed that there would be a $500 a day assessment from October 15, 2018 until the work was completed. . . . Therefore, as a proximate result of [defendants'] breach in not finalizing the contract, [defendants] owe[ ] [Zeppieri] an amount of $183,500 in assessments."

—Zeppieri additionally "has been damaged in the amount of $18,918.08," the amount that he overpaid defendants on the subcontract.

3

The cross-complaint alleged that "[t]he total amount of damages incurred by [Zeppieri] as a proximate result of [defendants'] breaches is $438,289.20 or an amount to be proven at trial." It sought damages "according to proof."

## II. Default and default judgment.

Zeppieri served defendants with the summons and complaint by substituted service on July 23, 2020. Neither defendant answered the cross-complaint, and on September 4, 2020, the court entered both defendants' defaults.

In June 2021, Zeppieri filed a request for entry of a default judgment against defendants in the amount of $438,289, plus prejudgment interest and costs, for a total of $546,358. The following month, Archuleta, in propria persona, purported to file an answer to the cross-complaint.

In July 2021, the trial court held a hearing at which Archuleta appeared without counsel. The court advised Archuleta that he could not appear while in default status, and it advised Zeppieri of problems related to the proposed default judgment.

In early September 2021, Archuleta, again in propria persona, filed a motion to set aside the default. In his supporting declaration, Archuleta stated that he had not been personally served with the cross-complaint, he had not been aware of the litigation, and the request for a default judgment sought damages in excess of what was pled in the cross-complaint. On the merits, Archuleta urged that he performed all work required under the subcontract, he completed his work on time, and his work passed all required inspections.

In late September 2021, Zeppieri submitted an amended declaration and request for default judgment seeking damages of

4

$338,253, plus prejudgment interest of $92,116 and costs of $543, for a total of $430,913.

The trial court denied Archuleta's motion to set aside the default.[3] On September 30, 2021, the court entered a default judgment against defendants jointly and severally in the amount of $430,913. The judgment included damages of $338,253, prejudgment interest of $92,116, and costs of $543. Notice of entry of judgment was served on October 7, 2021.

Defendants timely appealed from the judgment.

## DISCUSSION

Defendants contend the default judgment is void because (1) the cross-complaint did not specify Zeppieri's alleged damages, and (2) the summons served on Archuleta LLC did not contain language required by section 412.30. As we discuss, these claims lack merit.

## I. Appealability.

We begin with the issue of appealability. The notice of appeal filed on behalf of Archuleta LLC was signed by "Andrew Archuleta, President of Archuleta Construction, LLC." Zeppieri urges that because a corporation cannot appear in propria persona, the notice of appeal was invalid, and this court thus lacks jurisdiction to consider Archuleta LLC's appeal.

Some older California cases held that an appeal must be dismissed if a notice of appeal is signed only by a nonattorney agent for a corporation. (See Eisenberg & Hepler, Cal. Practice

---

[3]    Defendants did not file a reporter's transcript with this appeal, and thus we cannot determine the basis for the trial court's ruling.

5

Guide: Civil Appeals and Writs (The Rutter Group 2023) ¶ 3:125.7, citing *Paradise v. Nowlin* (1948) 86 Cal.App.2d 897, 898.) More recent cases, however, have treated a corporation's lack of representation by an attorney "as a defect that may be corrected, on such terms as are just in the sound discretion of the court." (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1149; and see *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1282 [considering appeal on the merits, even though notice of appeal had been filed on corporation's behalf by a majority shareholder].)

In the present case, although Archuleta LLC's notice of appeal was signed by Archuleta, the LLC subsequently retained counsel who filed appellate briefs on its behalf. We therefore conclude that Archuleta LLP's appeal is validly before us, and we will consider it on the merits.

## II. The default judgment did not exceed the damages pled in the cross-complaint.

Defendants urge that the default judgment entered against them is void because it awarded damages in excess of what was pled in the complaint. The contention is without merit.

Section 580 provides, in relevant part, that "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint." (Subd. (a).) Our Supreme Court has explained that the notice requirement of section 580 is designed to insure " 'fundamental fairness' ": "[D]ue process requires notice to defendants, whether they default by inaction or by willful obstruction, of the potential consequences of a refusal to pursue their defense. Such notice enables a defendant to exercise his right to choose—at any point before trial, even after discovery has begun—between (1) giving up his right to defend in

6

exchange for the certainty that he cannot be held liable for more than a known amount, and (2) exercising his right to defend at the cost of exposing himself to greater liability." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826, 829.) To this end, "a default judgment entered in violation of section 580 is void and must be vacated." (*Dhawan v. Biring* (2015) 241 Cal.App.4th 963, 975 (*Dhawan*); see also *Insurance Co. of State of Pennsylvania v. American Safety Indemnity Co.* (2019) 32 Cal.App.5th 898, 909 [" 'section 580 is to be interpreted, in accordance with its plain language, to deprive a trial court of jurisdiction to enter a judgment against a defaulting defendant which awards greater relief than that sought in the plaintiff's complaint' "].) Whether a default judgment violates section 580 is a question of law that we review de novo. (*Dhawan*, at p. 968; see also *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 961 ["[W]hether a judgment is void on its face is a question of law, which we review de novo"].)

Case law is clear that while the amount of a default judgment cannot exceed the damages pled in the complaint, the damages allegation need not appear in the prayer for relief. Instead, a defendant may "be notified by the prayer [citation] *or allegations in the body of the complaint of the damages sought*." (*National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 417–418, italics added; see also *Greenup v. Rodman, supra*, 42 Cal.3d at pp. 829–830 ["the allegations of a complaint may cure a defective prayer for damages"].) For example, in *Insurance Co. of State of Pennsylvania v. American Safety Indemnity Co., supra*, 32 Cal.App.5th at pp. 909–910, the court held that although a complaint's prayer for judgment did not state a specific amount of damages, the body of the complaint incorporated by reference an arbitration claim attached as an

7

exhibit to the complaint, and thus a default judgment that was less than the amount of damages alleged in the arbitration claim did not violate section 580. Similarly, in *Greenup*, *supra*, at page 830, the court held that although a complaint did not specifically allege the amount of the plaintiff's claimed damages, the trial court nonetheless had jurisdiction to enter a default judgment of $15,000 because the complaint alleged that plaintiff suffered damages " 'in an amount that exceeds the jurisdictional requirements of [a limited jurisdiction] court,' " which was then $15,000.

In the present case, defendants urge that the default judgment is void under section 580 because while the cross-complaint "contains allegations in some of its 126 paragraphs relating to amounts paid or damages purportedly incurred in different amounts," it "never demands or prays for an amount." Instead, defendants assert, the cross-complaint "prays for damages 'in an amount subject to proof at trial' or similar language." We do not agree. While the cross-complaint's prayer did not demand a specific monetary recovery, the body of the cross-complaint did. Specifically, the cross-complaint alleged that, as a proximate result of defendants' breaches, Zeppieri suffered "total amount of damages . . . [of] $438,289.20," comprised of $233,371.12 to retain subcontractors to complete the work defendants had been hired to do, $2,500 in recoverable attorney fees, $183,500 in assessments, and $18,918.08 in overpayments. Under the authorities cited above, these allegations were sufficient to put defendants on notice that Zeppieri was seeking damages of at least $438,289.20.

Defendants urge that the allegations of the complaint are insufficient because they are " ' "allegations of fact which [happen

8

to] include numbers," ' " not "demands for relief." But the cases on which defendants rely do not require any particular language to put defendants on notice of the damages sought against them. Instead, these cases require only that a complaint "distinguish between *allegations of damages*, and *allegations of fact* which include numbers." (*Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 866, italics added and omitted (*Heidary*).) Thus, for example, an allegation that the defendants, who were the plaintiffs' former business partners, transferred funds between accounts maintained for the benefit of the parties' jointly owned businesses did not support entry of a default judgment because "[i]n and of itself, the allegation demonstrates no damages." (*Ibid.*) Similarly, an allegation that the defendants released a $20,000 certificate of deposit to the State Board of Equalization did "not amount to an assertion of damages. To the contrary, it merely recites payments made for the benefit of the jointly owned business." (*Ibid.*) In contrast, the court said, had the complaint alleged that the defendants transferred money from a business account for their own personal use, "that might be a different story." (*Ibid.*) What is required of the trial court, therefore, is to compare the amounts sought at the default prove-up with "the *properly pled damages* for each defaulting party." (*Id.* at p. 868, italics added.)

Heidary does not assist defendants. As we have described, the cross-complaint in the present case specifically alleged Zeppieri's damages proximately caused by defendants' alleged wrongdoing, and the default judgment did not exceed those alleged damages. While the complaint also contained other allegations containing numbers (i.e., ¶ 41 ["The total amount of the contract price as $96,000"], ¶ 43 [Zeppieri "paid over $73,340

9

to Cross-Defendants"], ¶ 107 ["Zeppieri has sustained and will sustain damages which exceeds the jurisdictional limits of the Court (over $25,000)"]), Zeppieri did not seek a default judgment based on those allegations. The default judgment entered in the present case, therefore, does not run afoul of *Heidary*.

Nor are defendants assisted by *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, which defendants say holds that damages must be " 'specifically requested' " to support a default judgment. Not so. Instead, *Becker* holds: "The notice requirement of section 580 was designed to insure fundamental fairness. Surely, this would be undermined if the door were opened to speculation, no matter how reasonable it might appear in a particular case, that a prayer for damages according to proof provided adequate notice of a defaulting defendant's potential liability. . . . Consequently, a prayer for damages according to proof passes muster under section 580 *only if a specific amount of damages is alleged in the body of the complaint.*" (*Id.* at p. 494, italics added; see also *id.* at pp. 494–495 [default judgment was void insofar as it awarded damages in excess of $20,000 where "the specific amount of damages alleged in the complaint was $20,000"].) In the present case, as we have said, specific damages were alleged in the body of the complaint, curing any infirmity in the prayer for relief.

Finally, defendants are not assisted by *Dhawan, supra*, 241 Cal.App.4th 963. There, it was undisputed that the complaint did not allege the amount of the plaintiff's damages; the issue on appeal was whether the plaintiff nonetheless had met the requirements of section 580 by serving the defendant

10

with a statement of damages pursuant to section 425.11.[4]  The present case does not concern a statement of damages under section 425.11, and therefore it is not relevant to our analysis.

For the foregoing reasons, the trial court properly concluded that the default judgment was not void under section 580.

### III.  The trial court did not err in denying the motion to set aside the default for lack of personal jurisdiction over Archuleta LLC.

Defendants contend that the trial court did not obtain personal jurisdiction over Archuleta LLC because the summons did not state that Andrew Archuleta was being served on behalf of Archuleta LLC, as required by section 412.30.  The claim lacks merit.[5]

---

[4]  Section 425.10 provides that where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded "shall not be stated" in the complaint.  In order to take the defendant's default in such a case, therefore, the plaintiff is required to serve on the defendant a statement setting forth the nature and amount of damages being sought.  (§ 425.11, subd. (b).)  The issue in *Dhawan* was whether a statement of damages could satisfy defects in the complaint in a case *other than* for personal injury or wrongful death.

[5]  We note that only Archuleta filed a motion to set aside the default, and thus Archuleta LLC arguably forfeited the contention by failing to raise it below.  However, because the issue is a purely legal one—and because a void judgment can be attacked at any time (*Gamet v. Blanchard, supra,* 91 Cal.App.4th at p. 1286)—we will exercise our discretion to consider the issue

11

## A. Service of summons and complaint.

A summons is issued at a plaintiff's request by the superior court clerk, who retains the original summons in the court files and provides a copy to the plaintiff.  (§ 412.10.)  Pursuant to section 412.30, in an action against a corporation or an unincorporated association, the service copy of the summons must "contain a notice stating in substance:  'To the person served:  You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure).' "  If such notice does not appear on the copy of the summons served, "no default may be taken against such corporation or unincorporated association." (§ 412.30.)

Consistent with section 412.30, Judicial Council form SUM–100 contains the following language:

---

on the merits.  (E.g., *People v. Rodriguez* (2018) 26 Cal.App.5th 890, 904 [appellate court may exercise its discretion to review a forfeited claim].)



"NOTICE TO THE PERSON SERVED:  You are served:

"1.      □       as an individual defendant.

"2.      □       as the person sued under the fictitious name of (*specify*):

"3.      □       on behalf of (*specify*):

"Under:      □ CCP 416.10 (corporation)

□ CCP 416.20 (defunct corporation)

□ CCP 416.40 (association or partnership)

□ other (*specify*):

□ CCP 416.60 (minor)

□ CCP 416.70 (conservatee)

□ CCP 416.90 (authorized person)"

A summons may be served personally or by substituted service by delivering a copy of the summons and complaint. (§§ 415.10, 415.20.)  Service on an unincorporated association, including a limited liability company, may be made on the person designated as agent for service of process.  (§ 416.40.)

All proofs of personal service shall be made on a form adopted by the Judicial Council.  (§ 417.10.)  If a summons is served personally or by substituted service, proof of service shall be made "by the affidavit of the person making the service showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter." (§ 417.10, subd. (a).)  The affidavit shall recite "the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served, *and that the notice required by Section 412.30 appeared on the copy of the summons served, if in fact it did appear.*"  (*Ibid.*, italics added.)

13

In accordance with these sections, the Judicial Council adopted form POS-010, which includes the following language:

"6.　　The 'Notice to the Person Served' (on the summons) was completed as follows:

"a.　□　　as an individual defendant.

"b.　□　　as the person sued under the fictitious name of (*specify*):

"c.　□　　as occupant.

"d.　□　　On behalf of (*specify*):

"under the following Code of Civil Procedure  section:

□ 416.10 (corporation)

□ 416.20 (defunct corporation)

□ 416.30 (joint stock company/association)

□ 416.40 (association or partnership)

□ 416.50 (public entity)

□ 416.95 (business organization, form unknown)

□ 416.60 (minor)

□ 416.70 (ward or conservatee)

□ 416.90 (authorized person)

□ 415.46 (occupant)

□ other:"

After a summons is served, "proof of service of the summons as provided in Section 417.10 or 417.20 shall be filed." (§ 417.30.)  Filing a proof of service that shows on its face compliance with the statutory requirements creates a rebuttable presumption of proper service.  (*Yolo County Dept. of Child Support Services v. Myers* (2016) 248 Cal.App.4th 42, 47, fn. 2 (*Yolo County*); *American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 390; *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795 (*Floveyor*); see also

14

Evid. Code 647 [registered process server's return establishes a presumption of the facts stated in the return].)

**B.     Motion to set aside entry of default or default judgment.**

A party may move to set aside a void judgment or order under section 473, subdivision (d).  " 'A default judgment is void if the trial court lacked jurisdiction over the parties.' (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830.)  A default judgment entered against a defendant who was not served in the manner prescribed by statute is void.  (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444.)  'Under section 473, subdivision (d), the court may set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service.' (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.)" (*First American Title Ins. Co. v. Banerjee* (2022) 87 Cal.App.5th 37, 42 (*First American*).)

If a trial court considers disputed evidence concerning whether service was proper, our review is for abuse of discretion or substantial evidence.  (*First American*, *supra*, 87 Cal.App.5th at p. 42.)  But where, as here, there are no conflicts in the evidence, "the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 449; see also *Preciado v. Freightliner Custom Chassis Corporation* (2023) 87 Cal.App.5th 964, 975.)

**C.     Analysis.**

In the present case, Zeppieri filed a proof of service of summons executed on Judicial Council form POS-010 by Marcos Garcia, a licensed process server.  Sections 2 through 5 of

15

the proof of service stated that Garcia substitute-served Archuleta LLC through Andrew Archuleta, "a person authorized to accept service of process," with copies of the summons and cross-complaint on July 23, 2020.  Section 6 of the proof of service stated that the " 'Notice to the Person Served'  (on the summons) was completed . . . on behalf of: [¶] ARCHULETA CONTRUCTION LLC," a "Limited Liability Company."

Under the authorities cited above, the proof of service created a rebuttable presumption that Archuleta LLC was properly served with the summons and complaint.  The burden therefore shifted to Archuleta LLC to establish with admissible evidence that it was *not* properly served.  (See *Pacifica First National, Inc. v. Abekasis* (2020) 50 Cal.App.5th 654, 656 [because plaintiff put a proper proof of service into evidence, burden shifted to defendant to prove that service was invalid].)  It did not do so.  Although Archuleta stated in a declaration that he was not served personally, he neither suggested that there were any defects in the proof of service nor provided the court with a copy of the allegedly defective proof of service.

Defendants contend that they met their burden to demonstrate improper service by drawing the trial court's attention to the summons in the court file, which did not contain the language required by section 412.30.  But as Zeppieri correctly notes, the summons to which defendants cite is the *original* summons retained by the court, not the *copy* served on Archuleta LLC.  The portion of the summons form that contains the language required by section 412.30 "is usually left blank when the summons is issued, because the contents may vary for each defendant," and is filled out prior to service.  (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter

16

Group 2023) ¶ 4:91.)  Thereafter, a copy of the fully executed summons served on a defendant is not generally filed with the court; instead, the plaintiff files *proof of service* of the summons, as Zeppieri did in this case.  The fact that the original summons in the court file does not contain the language required by section 412.30 therefore does not give rise to an inference that Zeppieri failed to comply with the statutory service requirements.

Defendants contend, finally, that the process server's declaration in the proof of service was insufficient because it "does not have the requisite statutory language."[6]  But it is the summons, *not* the proof of service, that is required to contain the language of section 412.30.  And, as noted above, the proof of service filed by the process server in this case contains precisely the language required by Judicial Council Form POS-010, which is required by statute for use in this context.  (See § 417.10, subd. (f) ["All proof of personal service shall be made on a form adopted by the Judicial Council."]; Cal. Rules of Court, rule 2.150 [computer-generated form may be substituted for the Judicial Council's proof of service].)

---

[6]  Defendants urge that "the process server's declaration cannot confer jurisdiction on the court" because "it is the summons, not the process server, which asserts judicial power." Defendants are correct that the court's personal jurisdiction over them results from proper service of the summons, not the process server's declaration—but the proof of service nonetheless is competent *evidence* of proper service of the summons.  (E.g., *Yolo County*, *supra*, 248 Cal.App.4th at p. 48, fn. 2; *Floveyor*, *supra*, 59 Cal.App.4th at p. 795.)

17

## DISPOSITION

The judgment is affirmed.  Respondent is awarded his appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

18